ROMEO HOMES, INC., *v.* COMMISSIONER OF REVENUE.

1. Statutes—Construction—Intent.

The legislative intent of a statute must be ascertained from the language used therein, given its ordinary significance, and with due regard to the form of the expression and where the intent is plain there is no room for construction, the Court being bound by the expressed intent.

---

References for Points in Headnotes

[1]  50 Am Jur, Statutes § 227.
[2]  50 Am Jur, Statutes § 303.
[3]  47 Am Jur, Sales and Use Taxes § 55.
[4–7] 47 Am Jur, Sales and Use Taxes § 56.
  Construction and building materials as exempt from use tax. 30 ALR2d 1446.
  Use tax on property purchased by nonresident in another State. 41 ALR2d 535.
[8]  50 Am Jur, Statutes § 240.
[9]  50 Am Jur, Statutes § 281.
[10] 47 Am Jur, Sales and Use Taxes §§ 44–46.
  Constitutionality of general use tax designed to complement State sales tax. 153 ALR 609.
  Use tax on property purchased by nonresident in another State. 41 ALR2d 535.
[11] 14 Am Jur, Costs § 91.

2. SAME—CONSTRUCTION.

A statutory provision that is in dispute must be read in the light of the general purpose of the act and in conjunction with pertinent provisions thereof.

3. TAXATION — USE TAX — CONSUMER — ERECTOR OF PREFABRICATED HOMES.

The word "consumer", as used in the use tax act, includes a person who acquires tangible personal property when engaged in the business of constructing, altering, repairing, or improving the real estate of others who are not exempt, hence, includes the purchaser of prefabricated houses who installs them (CLS 1956, § 205.92).

4. SAME—EXEMPTIONS.

An exemption from a tax may not be allowed unless the legislative intent to grant it clearly appears.

5. SAME—PREFABRICATED HOUSES—EXEMPTIONS FROM USE TAX.

The purchase of prefabricated houses from the manufacturer thereof in another State, delivery to a site in this State, and erection for sale to private individuals was not exempt from the use tax act, since it was not within the categories specifically exempted from such tax (CLS 1956, §§ 205.92, 205.94).

6. SAME—EXEMPTIONS—BURDEN OF PROOF.

Exemptions from general tax measures are not favored and the burden rests on one asserting the right thereto to establish his claim.

7. SAME—USE TAX—PREFABRICATED HOUSES—EXEMPTIONS.

Provision of use tax act exempting "property purchased by persons engaged in the business of constructing, altering, repairing, or improving real estate for others when property so purchased by such persons shall be affixed and made a structural part of real estate *or* used and completely consumed in the fulfillment of a single contract within the exempt classifications (naming them)" did not exempt purchases of prefabricated houses by corporation from manufacturer in another State which were erected and sold to private individuals in this State who were not in the exempted classifications, the word *or* not being construed disjunctively to intend an exemption of that which precedes it without regard to that which follows (CLS 1956, § 205.94).

8. STATUTES—CONSTRUCTION—INTENT.

The mere literal construction of a statute ought not to prevail if it is opposed to the intention of the legislature apparent

from the statute; and if the words are sufficiently flexible to admit of some other construction by which that intention can be better effected, that construction should be adopted.

9. WORDS AND PHRASES—OR—AND.
 The words "or" and "and" are not to be treated as interchangeable and are to be followed when their accurate reading does not render the sense dubious, but their strict meaning is more readily departed from than that of other words and one is read in place of the other in deference to the meaning of the context.

10. TAXATION — USE TAX — PREFABRICATED HOUSES — INTERSTATE COMMERCE.
 The imposition of the use tax upon prefabricated houses purchased out of the State, brought in here and erected and then sold to nonexempt purchasers, is not a tax in conflict with the interstate commerce clause (US Const, art 1, § 8[3]; CL 1948, § 205.91 et seq., as amended).

11. COSTS—CONSTRUCTION OF STATUTES.
 No costs are allowed in suit for declaratory judgment by parties who had paid a use tax, where questions of statutory construction were involved (CL 1948, § 205.91 et seq., as amended).

Appeal from Macomb; Carroll (Howard R.), J. Submitted June 10, 1960. (Docket No. 44, Calendar No. 48,296.) Decided September 15, 1960.

Bill by Romeo Homes, Incorporated, a Michigan corporation, against Louis M. Nims, Commissioner of Revenue, State of Michigan, for declaration of rights relative to exemptions claimed under use tax. Fenton & Fenton, a partnership, intervened as party plaintiff. Judgment dismissing complaint and intervening complaint. Plaintiffs appeal. Affirmed.

*Fixel & Fixel* (*Arthur E. Fixel,* of counsel), for plaintiffs.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *T. Carl Holbrook, William D. Dexter,* and *Philip Wuntner,* Assistant Attorneys General, for defendant.

CARR, J.  The facts in this case are not materially in dispute.  Plaintiff Romeo Homes was engaged, during the period here involved, in the erection of buildings for its customers, principally, or perhaps entirely, prefabricated houses.  The prepared parts for such houses were manufactured by Scholz Homes, Inc., which was located at Toledo, Ohio, and which customarily from time to time prepared basic plans for submission to prospective customers of contractors.  Alterations in said plans were permitted and written contracts for the construction work in accordance with specifications therein set forth were executed by the property owners.  In accordance therewith the method of operation contemplated in each instance the construction of a concrete floor with service outlets as specified in the selected blueprint.

Scholz Homes constructed the parts of each building for which plans were submitted to it, including the preparation of the interior trim.  Such prefabricated parts were then shipped from Toledo to the contractor for erection, the latter paying the transportation charges to the site of the contemplated construction.  It is conceded that the sections of each building so prepared and shipped could not be used except in the construction of a building having the identical plans selected by the property owner. Plaintiff Romeo Homes was assessed by the defendant for taxes under the use tax act of Michigan,* in the sum of $3,134.73, which sum was paid.  Claiming that it was not subject to the tax in view of the nature of its operations Romeo Homes filed suit in the circuit court of Macomb county for a declaratory judgment.  Thereafter the other plaintiff, Fenton & Fenton, was granted leave to submit its claims in conjunction with Romeo Homes. It appears that Fen-

* PA 1937, No 94, as amended (CL 1948, § 205.91 *et seq.,* as amended [Stat Ann 1950 Rev § 7.555(1) *et seq.,* as amended]).

ton & Fenton was engaged in the same business as was the original plaintiff, and that it had paid by way of taxes assessed against it under the use tax act the sum of $4,371.69. Each plaintiff sought reimbursement of the amount paid by it.

Directly in issue here are the exemption provisions of the use tax act as set forth in section 4 thereof, as amended by PA 1955, No 235 (CLS 1956, § 205.94 [Stat Ann 1957 Cum Supp § 7.555(4)]). We are not concerned with the subsequent amendment of the section by PA 1959, No 263. Plaintiffs rely specifically on subdivision (m) of said section as amended by the 1955 act, which reads as follows:

: "(m) Property purchased by persons engaged in the business of constructing, altering, repairing, or improving real estate for others when property so purchased by such persons shall be affixed and made a structural part of real estate or used and completely consumed in the fulfillment of a single contract within the exempt classifications set forth in subsections (b), (i), (j) and (k) of this section; or which shall not be affixed and made a structural part of real estate but shall be transferred to a person in fulfillment of a contract with such person for his use for an exempt purpose as set forth in subsection (f) or (g) of this section."

Other exempting provisions of the section which require consideration in determining the disputed interpretation of subdivision (m) are as follows:

"(b) Property, the storage, use, or other consumption of which, this State is prohibited from taxing under the Constitution, or laws of the United States, or under the Constitution of this State. * * *

"(f) Property sold to persons engaged in or having an interest in, as a business enterprise and using and consuming such property in the tilling, planting, caring for and/or harvesting of the things of the soil, in the breeding, raising or caring for livestock and/

or poultry or horticultural products, including transfers of livestock and/or poultry or horticultural products for further growth: Provided, That in all such cases, at the time of the transfer of the tangible personal property, the transferee shall sign a statement, in the form approved by the department of revenue, stating that such property is to be used or consumed in connection with the production of horticultural or agricultural products as a business enterprise. Such statement shall be accepted by all courts as prima facie evidence of the exemption: Provided further, That this exemption shall not be construed to include transfers of food, fuel, clothing or any similar tangible personal property for personal living or human consumption: Provided further, That this exemption shall not be deemed to include tangible personal property permanently affixed and becoming a structural part of real estate.

"(g) Property sold to persons for use or consumption in industrial processing: Provided, That the term 'industrial processing' shall not be deemed to include tangible personal property permanently affixed and becoming a structural part of real estate. * * *.

"(i) Property sold to the United States, its unincorporated agencies and instrumentalities; any incorporated agency or instrumentality of the United States wholly owned by the United States or by a corporation wholly owned by the United States, the American Red Cross and its chapters and branches,' the State of Michigan, its departments or institutions, or any of its political subdivisions.

"(j) Property sold to schools, hospitals, homes for the care and maintenance of children or aged persons, and other health, welfare, educational, charitable or benevolent institutions and agencies, operated by an entity of government, a regularly organized church, religious or fraternal organization, a veterans' organization, or a corporation incorporated under the laws of the State of Michigan, when not operated for profit, and when the income from the operation does not inure, in whole or in

part, to the benefit of any individuals or private shareholders, directly or indirectly.

"(k) Property sold to regularly organized churches or houses of religious worship excepting when such property is used in activities as are mainly commercial enterprises."

It is the claim of the plaintiffs in substance that subdivision (m), above quoted, exempts them from the payment of the use tax on the theory that the parts purchased by them in their carrying on of their business operations are "affixed and made a structural part of real estate", that the exemption is absolute, and that the reference to the exempt classifications set forth in subdivisions (b), (i), (j), and (k), do not modify the words quoted but, rather, is limited to instances where the materials purchased are used and completely consumed in the fulfillment of a single contract. Emphasis is placed on the use of the word "or" in the subdivision in question, plaintiffs contending that such word is employed in a disjunctive sense. On behalf of defendant it is insisted that the reference to the exempt classifications referred to in subsections (b), (i), (j), and (k), is applicable to purchases of personal property used in this State, and not subject to the payment of a sales tax, in such manner that it is affixed and made a structural part of real estate, and to property purchased that is used and completely consumed in the fulfillment of a single contract. Attention is called to the fact that the situations suggested are not separated by any mark of punctuation, and it is argued a legislative intent is thus indicated that both shall be subject to the reference to "exempt classifications" as set forth in the subsections stated.

Following hearing of the case at which proofs were offered and received with reference to the nature of the businesses and methods of operation of the plaintiffs, the trial judge filed an opinion in which he up-

held the claim of the defendant as to the interpretation of the statutory provision in question. Thereafter a motion seeking a rehearing was filed and denied. Plaintiffs have appealed, claiming that the trial judge erred in his interpretation of the statutory provision on which they rely, that the judgment entered should be reversed, and that each should be permitted to recover the amount of the use tax paid on its purchases of prefabricated units following the amendment of 1955.

The primary question before us is one of statutory construction. The legislative intent must be ascertained from the language used in the statute under consideration, given its ordinary significance, and with due regard to the form of the expression. Where the intent is plain there is no room for construction and the Court is bound by the expressed intent. *MacQueen* v. *City Commission of City of Port Huron,* 194 Mich 328. A statutory provision that is in dispute must be read in the light of the general purpose of the act and in conjunction with pertinent provisions thereof. In this connection it may be noted that section 2,* subdivision (g), of the use tax act defines the word "consumer" as including "a person acquiring tangible personal property when engaged in the business of constructing, altering, repairing or improving the real estate of others." Obviously, plaintiffs were subject to the payment of the use taxes in question unless expressly exempted therefrom by subdivision (m) of section 4, on which they rely. In accordance with the general rule such an exemption may not be allowed unless the legislative intent to grant it clearly appears.

Counsel for appellants have called attention to the decision of this Court in *Acorn Iron Works, Inc.,* v. *State Board of Tax Administration,* 295 Mich 143

---

* CLS 1956, § 205.92 (Stat Ann 1957 Cum Supp § 7.555[2]).—Reporter.

(139 ALR 368). Said decision was referred to in *R. C. Mahon Co.* v. *Department of Revenue,* 306 Mich 660, and attention directed to the fact that the decision in said case was controlled by the statute, the sales tax act, prior to the amendment thereof by PA 1939, No 313. In the later case it was held that plaintiff contractor was subject to the payment of a sales tax, except as to its contracts with the United States, the State of Michigan, institutions or subdivisions of either, and likewise with reference to certain designated entities as to which the legislature had specifically granted exemption. In *Garavaglia* v. *Department of Revenue,* 338 Mich 467, the question at issue was the liability of the plaintiff for the payment of sales taxes or use taxes for materials to be used in contracts with the State highway department. The prior decision in the *Mahon Case, supra,* was cited and followed, the Court holding that such a transaction with the State or any of its subdivisions was within the specific language of the statute and not subject to the payment of a tax.

In the instant case we are impressed that the trial judge correctly determined the matter at issue and that the language on which plaintiffs rely in section 4, subdivision (m), of the use tax act may not properly be read as granting them an exemption. From the form of expression used, read in conjunction with other provisions of the statute, we think it obvious that the legislature intended that the exemption should not be allowed on property purchased by contractors to be affixed and made a part of real estate, except where the contract under which the work was done was within the scope of the exempt classifications specifically set forth in subdivisions (b), (i), (j), and (k), of section 4. The reference to transfers of property, in fulfillment of a contract, to be used by the transferee for an exempt purpose as set forth in subsections (f) and (g) is significant in that it

indicates that subdivision (m) was enacted with the thought in mind that it should operate in connection with other subsections setting forth certain specific exempt classifications. Had the legislature intended the result for which plaintiffs argue as applicable to their operations, such intent would undoubtedly have been clearly expressed. Exemptions from general tax measures of the character here in question are not favored, and the burden rests on one asserting the right thereto to establish his claim.

We are not in accord with the argument predicated on the use of the word "or" in section 4, subsection (m) of the use tax act. It may not be regarded as a disjunctive in the sense in which counsel are urging its acceptance. In view of the language used and the absence of any mark of punctuation between the classes of cases referred to we think it obvious that what the legislature had in mind was to grant the exemption to each such class when and only when the transaction came within the classifications expressly mentioned.

This Court in *L. A. Darling Company* v. *Water Resources Commission,* 341 Mich 654, was confronted with a question of like nature, and held as follows:

"The mere literal construction of a statute ought not to prevail if it is opposed to the intention of the legislature apparent from the statute; and if the words are sufficiently flexible to admit of some other construction by which that intention can be better effected, that construction should be adopted." (Syllabus 1.)

"While words 'or' and 'and' are not to be treated as interchangeable and are to be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words and one read in place of the other in deference to the meaning of the context." (Syllabus 2.)

In support of the conclusion reached that the word "or" was not used in a disjunctive sense the Court cited with approval and quoted from *Reynolds* v. *Great American Insurance Company of New York,* 328 Mich 391, 397. See, also, *Heckathorn* v. *Heckathorn,* 284 Mich 677.

In the instant case the word "or" may not be given the controlling significance suggested by counsel for appellants. Clearly the legislature intended to treat alike the 2 classes of operations referred to, and in joining them together the word "or" was employed in a not unusual manner, but without any indicated intent that they should be differently treated insofar as the payment of the use tax was concerned. Significant also in this connection are the provisions of subsections (f) and (g) of section 4. Subdivision (f) has reference to sales for certain agricultural use, subject to the specific provision that it should not be deemed to include "tangible personal property permanently affixed and becoming a structural part of real estate." Subdivision (g) grants the exemption from the tax as to personal property sold for use or consumption in industrial processing, but said term was declared not to include "tangible personal property permanently affixed and becoming a structural part of real estate." Subdivision (m) may not be construed as at variance with other subsections of section 4.

A similar question was involved in *Custom Built Homes Co., Inc.,* v. *Kansas State Commission of Revenue and Taxation,* 184 Kan 31 (334 P2d 808).* Plaintiff there questioned the right to impose a use tax on its operations which involved the construction of prefabricated houses and the purchase of units therefor from a manufacturer in another State. Under the facts in the case it was held that the mer-

* Certiorari denied 361 US 816 (80 S Ct 55, 4 L ed 2d 62), 361 US 904 (80 S Ct 204, 4 L ed 2d 158).—REPORTER.

chandise in question was (p 46) "tangible personal property purchased from a vendor without the State of Kansas," for use, storage, or consumption within the State of Kansas, and that the use tax was properly assessed thereon.

Appellants also claim that the assessment of the use tax against them is in conflict with article 1, § 8(3), of the Constitution of the United States, the so-called interstate commerce clause. This question has been raised in prior litigation and determined adversely to appellants' contentions. See *Don Mc-Cullagh, Inc.,* v. *Department of Revenue,* 354 Mich 413, and prior decisions of this Court and of the United States supreme court therein cited. In accord is the holding in *Custom Built Homes Co., Inc.,* v. *Kansas State Commission of Revenue and Taxation, supra.*

The judgment of the circuit court is affirmed, but without costs, a question of statutory construction being involved.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.

KAVANAGH, J., did not sit.