EDISON v. DEPARTMENT OF REVENUE.

1. TAXATION—LEGISLATURE.

The tax structure is for the legislature.

2. SAME—USE TAX—INDUSTRIAL PROCESSING EXEMPTION—CONSTRUCTION OF STATUTES.

The function of the court in connection with the use tax act wherein the legislature has granted the "industrial processing" exemption, is one of interpretation to see whether or not plaintiff in suit for declaratory judgment comes within the exemption as claimed (CL 1948, § 205.94, subd [g], as amended).

3. SAME—USE TAX—INDUSTRIAL PROCESSING.

The term "industrial processing," as used in the use tax act, is not intended to apply to processing so as to exempt property used in processing from tax, where there is no subsequent sale (CL 1948, § 205.94, subd [g], as amended).

4. SAME—USE TAX—INDUSTRIAL PROCESSING—ROAD CONTRACTORS.

Road contractors who prepare the rough grades and the roadbed, pave and finish highways for the State highway department *held*, not engaged in *industrial processing*, as the term is used in use tax act, so as to exempt from use tax various articles of personal property such as bulldozers and other equipment (CL 1948, § 205.94, subd [g], as amended).

5. SAME—EXEMPTIONS—BURDEN OF PROOF.

The burden rests on party claiming an exemption under a general tax law to show right to the exemption, as exemptions under such laws are not favored.

6. COSTS—PUBLIC QUESTION—USE TAX—ROAD CONTRACTORS.

No costs are allowed in suit for declaratory judgment relative to liability of plaintiff road contractor for use tax on bulldozers and other equipment consumed in the construction of roads for the State highway department, a public question being involved (CL 1948, § 205.94, subd [g], as amended).

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation §§ 42–45.
[2] 47 Am Jur, Sales and Use Taxes § 56.
    Constitutionality, construction and application of use tax.    129 ALR 222; 153 ALR 609.
[3, 4] 47 Am Jur, Sales and Use Taxes § 56.
    Items or materials exempt from use tax as used in manufacturing, processing, or the like.    30 ALR2d 1439.
[6] 16 Am Jur, Declaratory Judgments § 75.

Appeal from Kent; Searl (Fred N.), J. Submitted October 6, 1960. (Docket No. 33, Calendar No. 48,-532.) Decided January 9, 1961.

Bill for declaratory judgment by Haynes Edison, R. M. Edison, and William H. Edison, copartners doing business as L. W. Edison, against the Michigan Department of Revenue to establish claimed exemption from use tax. Both parties moved for summary judgment. Declaratory judgment for defendant determining liability and amount of tax due. Plaintiffs appeal. Affirmed.

*Mitts, Smith, Haughey & Packard* (*David O. Haughey,* of counsel), for plaintiffs.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *T. Carl Holbrook, Maurice Barbour,* and *William D. Dexter,* Assistant Attorneys General, for defendant.

Smith, J. The question here presented is whether or not a firm of road contractors is engaged[1] in industrial processing within the meaning of section 4(g) of the use tax act.[2]

There is no dispute about the facts. The appellants build concrete highways under contract with the Michigan State highway department. They prepare the rough grades and the roadbed, they pave, and they finish. In so doing they use, and eventually consume, major equipment, such as bulldozers, repair parts, and necessary appurtenances, such as tires, tubes, and batteries. This is an action for

---

[1] Appellants use the expression "in whole or in part." We find no basis upon this record for the "in part" qualification.

[2] CL 1948, § 205.94, subd (g), as amended (Stat Ann 1950 Rev § 7.555[4], subd [g], as amended).

declaratory judgment, its purpose being to determine the liability of the appellants for use-tax assessments on these articles of tangible personal property. The case comes to us under a stipulation set forth in part in the margin here.[3]

Appellants first examine "the entire structure of use and sales acts" and list "four primary evils which might otherwise result from a universal sales tax." They then seek to demonstrate that exemption of this property from such tax or the use tax would avoid each of such evils. Without passing upon the validity of the arguments made, we note only that distinguished economists and tax experts have for years argued the economic justifications for, and the alleged evils resulting from, both the taxes (sales and use) and the exemptions thereto.[4] We do not propose to enter this arena of debate. The tax structure is for the legislature. It has imposed a use tax and has granted the "industrial processing" exemption. Our problem is one of interpretation.

It is true, as appellants urge, that they are engaged in an "industrial" pursuit. It is also arguable, although the meaning is strained, that in building highways they "process" real estate. Thus by the simple mechanism of verbal addition they would have us conclude that we have before us a case of industrial processing. But the words "industrial processing," although undefined in the act, have received a gloss of interpretation over the years and unless we are prepared to overrule the previous cases (and we are not persuaded of their error) we will not approach

---

[3] "It is further stipulated that the court may forthwith enter a declaratory judgment in accordance with the foregoing stipulations, * * * but without prejudice to the right of the plaintiff to take an appeal to the Supreme Court of the State of Michigan upon the sole issue of whether or not all or any part of the remaining tax liability is exempt under section 4(g) of the use tax act, relating to industrial processing."

[4] See, *e.g.*, Consumption Taxes, 8 Law & Contemp Prob 415.

the problem independently but will be guided by them.

We have examined the problem with care in 2 recent cases, the first involving the softening of water. *Kress* v. *Department of Revenue*, 322 Mich 590. In holding that the use tax assessment for the water softener units was valid (as against the assertion that they were used in "industrial processing") the court conceded that, although the water was processed, in a sense, the whole operation was not an industrial processing. This, it was held, meant the processing of commodities to condition them for a later sale and there was no later sale of the water. The concept here is clear enough: the legislature, in using the questioned words, looked essentially at a commercial market and the preparation of commodities therefor.

The later case of *Bay Bottled Gas Co.* v. *Department of Revenue*, 344 Mich 326, is complementary thereto. In this case the handling systems for liquefied gases were under consideration. In denying exemption the court stressed that fact that nothing in the performance of the handling system rendered the product marketable as that term is employed with respect to the use tax, although it cannot be denied that the fuel cannot be used in its designated market without what might be called a "processing," that is, without a reduction in its pressure and its vaporization, both accomplished in the appurtenances of the handling system. The processing referred to in the act, however, held the court, citing an earlier case,[5] was the preparation of "raw material * * * for the market." *Id.* at 330. The

[5] *Michigan Allied Dairy Ass'n* v. *State Board of Tax Administration*, 302 Mich 643, which adopted the approach of the supreme court of Arizona in *Moore* v. *Farmers Mutual Manufacturing & Ginning Co.*, 51 Ariz 378, 382 (77 P2d 209, 211).

court then related its definition to that given in Webster's New International Dictionary:

" 'to subject (especially raw material) to a process of manufacturing, development, preparation for the market, et cetera; to convert into marketable form, as livestock by slaughtering, grain by milling, cotton by spinning, milk by pasteurizing, fruits and vegetables by sorting and repacking.' "

As we said recently in *Romeo Homes, Inc.,* v. *Commissioner of Revenue,* 361 Mich 128, 137, in commenting upon the use-tax exemption there claimed: "Exemptions from general tax measures of the character here in question are not favored, and the burden rests on one asserting the right thereto to establish his claim." Such burden has not here been met. The construction of a highway, we conclude upon precedent, is not an industrial processing as that term is used in the act, and the appellants' machinery is not used in industrial processing within the meaning of section 4(g) of the use tax act.

Affirmed. No costs, a public question.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.