### DAVIDSON v. SECRETARY OF STATE.

1. TAXATION—EXEMPTIONS—BURDEN OF PROOF.
   Exemptions from general tax measures are not favored and the burden rests on one asserting the right thereto to establish his claim.

2. SAME—SALES TAX—USE TAX—AUTOMOTIVE EQUIPMENT—SINGLE CONTRACTS.
   A contractor with the State highway department is not entitled to purchase automotive equipment free from imposition of sales or use taxation, where such equipment is not used and consumed by him in the fulfillment of a single contract (CLS 1956, §§ 205.51, 205.94).

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 527.
[2] 47 Am Jur, Sales and Use Taxes § 16.
. Construction and application of exemption or deduction provision of general sales tax act. 157 ALR 804.

Original mandamus by L. A. Davidson against James M. Hare, Secretary of State, to compel registration and licensing of automotive equipment used in highway construction without necessity of payment of sales and use taxes. Submitted October 3, 1961. (Calendar No. 48,800.) Writ denied December 1, 1961. Rehearing denied March 15, 1962.

*Carl H. Reynolds* (*Beaumont, Smith & Harris,* of counsel on application for rehearing), for plaintiff.

*Paul L. Adams,* Attorney General, *Joseph B. Bilitzke,* Solicitor General, *T. Carl Holbrook* and *William D. Dexter,* Assistant Attorneys General, for defendant.

Black, J. Plaintiff's business is that of road and highway construction. He contracts regularly with the State highway department. By this original petition he seeks mandamus compelling the secretary of State to register and license all automotive equipment purchased and used by him in fulfilling such construction contracts. The secretary of State refuses to so register and license until plaintiff pays the Michigan sales or use tax, whichever is applicable to the purchase and use of plaintiff's said equipment. The issue—manifestly one of statutory construction and application—is stated thus by the attorney general:

"Is the plaintiff, as a person engaged in the road contracting business with the State of Michigan, entitled to purchase and use free of Michigan sales and use taxes automotive equipment used in such business?"

Since issuance—June 8, 1960—of our order to show cause in this case, the opinion of *Edison* v. *Department of Revenue,* 362 Mich 158, was released. While the decision of *Edison*—in this Court—is not

directly in point,[1] it leads to and supports the rule of construction we now apply to presently quoted statutory amendments. These amendments were obviously stimulated to enactment by our decision in *Garavaglia* v. *Department of Revenue*, 338 Mich 467.

Pursuing what was said in *Romeo Homes, Inc.*, v. *Commissioner of Revenue*, 361 Mich 128, 137, the Court repeated—in *Edison*—that "exemptions from general tax measures of the character here in question are not favored, and the burden rests on one asserting the right thereto to establish his claim." Looking as we must to the post-*Garavaglia* amendments of the sales and use tax acts, and noting from the phrasing thereof the legislative purpose of modifying *Garavaglia's* broad rule of exemption (see page 472 of *Garavaglia's* report) and installing, in the place thereof, a pertinent rule limiting the exemption to the sale or use of personal property which "is used and completely consumed in the fulfillment of a single contract," we find ourselves in agreement with the attorney general's position that a contractor with the State highway department is *not* entitled to purchase—free from imposition of sales or use taxation—equipment *not* used and consumed by him in the fulfillment of "a single contract."

In the *Edison Case, supra*, Circuit Judge Fred N. Searl was called upon to consider the identical question posed here. We find on examination of his opinion that the following portions thereof so well analyze and conclude such question as to warrant adoption thereof. Judge Searl reasoned, and we agree:

---

[1] When *Edison* came to this Court we considered and denied contention of another firm of road contractors that it was engaged in "industrial processing" within the meaning of section 4(g) of the use tax act and so was entitled to exemption under that section. The second question raised below, in *Edison*, was not brought up for review at the time. It is now before us, as will presently appear.

"After the 1953 decision in the *Garavaglia* case, both statutes were amended (1955).

"Section 1(c) of the sales tax act insofar as applicable here, was amended to read:

" 'The term "sale at retail" shall also include the sale of tangible personal property to persons engaged in the business of constructing, altering, repairing or improving real estate for others except *property purchased by such persons which becomes affixed and made a structural part of real estate or is used and completely consumed* in the fulfillment of a *single* contract with any of the exempt classifications hereinafter set forth in section 4 and subsections (a) and (b) of section 4a of this act.' The words italicized were added by the amendment."

"Section 4(m) of the use tax act was amended to read:

" 'Property purchased by persons engaged in the business of constructing, altering, repairing, or improving real estate for others when property so purchased by such persons shall be affixed and made a structural part of real estate *or used and completely consumed* in the fulfillment of a *single* contract within the exempt classifications set forth in subsections (b), (i), (j) and (k) of this section; *or which shall not be affixed and made a structural part of real estate but shall be transferred to a person in fulfillment of a contract with such person for his use for an exempt purpose as set forth in subsection (f) or (q) of this section.*' The words italicized were added by the amendment.[2]   *   *   *

"I can find no ambiguity in either the sales tax or the use tax statutes following the 1955 amendments. The words 'or is used and completely consumed in the fulfillment of a single contract with any of the exempt classifications' in the sales tax act and the

---

[2] The respective quotations were taken by Judge Searl from section 1(c) of PA 1955, No 236 (CLS 1956, § 205.51 [Stat Ann 1960 Rev § 7.521]), and section 4(m) of PA 1955, No 235 (CLS 1956, § 205.94 [Stat Ann 1957 Cum Supp § 7.555(4)]). (Additional amendments of the latter were made by PA 1959, No 263, and PA 1959, No 272.— REPORTER.)

like words 'or used and completely consumed in the fulfillment of a single contract within the exempt classifications set forth in subsections (b), (i), (j), and (k) of this section' in the use tax act leave no room for construction. If meaning is to be given to these words as written by the legislature, they cannot be 'construed' to read 'partly consumed in 1 contract and partly consumed in 1 or more other contracts.' The legislature said, *completely* consumed in the fulfillment of a *single* contract.'   *   *   *

"The language of the 1955 legislation is not ambiguous, it is not doubtful and this court has the duty of applying it. To adopt the 'construction' contended for by the plaintiffs 'to apply this exemption to property used in the performance of single specific construction contracts with the State, the amount of the exemption to be limited to the extent to which such property shall actually be consumed on those projects' requires the court to strike out certain words used by the legislature and to add words not used by the legislature. This the Court cannot do."

Writ denied. No costs.

DETHMERS, C. J., and CARR, KELLY, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.