MIEDEMA METAL BUILDING SYSTEMS, INC v DEPARTMENT
OF TREASURY

Docket No. 63501. Submitted March 3, 1983, at Lansing.—Decided
July 20, 1983.

The Michigan Department of Treasury assessed a use tax against
Miedema Metal Building Systems, Inc., based upon Miedema's
sale of a type of grain storage bin. Miedema appealed the
assessments, alleging that the bins were not affixed to the
realty and that they were exempt from assessment because of
their use in agricultural processing. The Tax Tribunal upheld
the assessments, and Miedema appeals. *Held:*

The Tax Tribunal did not err in ruling that the bins are
permanently affixed to the real estate when they are con-
structed. As such, they are not subject to the exemption from
use tax granted to personal property used in agricultural
production. The findings of the tribunal are supported by
"competent, material and substantial evidence on the whole
record".

Affirmed.

1. TAXATION — APPEAL — FINDINGS OF FACT.

The Court of Appeals is bound by the factual determinations of
the Tax Tribunal where they are authorized by law and sup-
ported by competent, material, and substantial evidence on the
whole record; where no fraud is alleged, review is limited to the
question of whether the tribunal committed an error of law or
adopted a wrong principle (Const 1963, art 6, § 28).

2. TAXATION — REAL PROPERTY.

For the purpose of taxation, real property includes all lands
within the state and all buildings and fixtures thereon (MCL
211.2; MSA 7.2).

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation § 58.
[2] 71 Am Jur 2d, Taxation § 202.
[3] 68 Am Jur 2d, Sales and Use Taxes §§ 217, 222.
[4] 71 Am Jur 2d, State and Local Taxation § 326.

3. Taxation — Use Tax — Exemptions From Taxation — Agricultural Production.

The exemption from use tax for property used in agricultural production does not apply to a grain bin which is attached to the ground because it is tangible personal property "permanently affixed and becoming a structural part of real estate" (MCL 205.92[f]; MSA 7.555[4][f]).

4. Taxation — Exemptions From Taxation.

Statutes granting exemptions from taxation are to be strictly construed in favor of the taxing unit.

*Fortino, Plaxton & Moskal* (by *Alfred J. Fortino*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Richard R. Roesch* and *Robert C. Ward, Jr.*, Assistants Attorney General, for respondent.

Before: R. B. Burns, P.J., and Bronson and R. E. Robinson,* JJ.

Per Curiam. The taxpayer, Miedema Metal Building Systems, Inc. (hereinafter Miedema), appeals an assessment for use tax made by the Michigan Department of Treasury (hereinafter respondent) for the period between January 1, 1975, through August 31, 1978. The total amount, including interest, was $1,956.90.

Miedema is a corporation located in Hudsonville, Michigan. The corporation's business primarily involves selling and constructing grain storage bins with drying systems. These grain storage bins are erected by petitioner on farms.

Roger Miedema, the builder of the grain bins and dryers, testified regarding the procedures used to erect the bins. First, a concrete foundation is poured. Then, a pole is erected on the site where

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the bin eventually stands. Next, the roof is added and the first ring of corrugated sheeting is attached. Miedema stated that the sheets are bolted together at the ends, and to disassemble it, the bolts are removed. Miedema further testified that bins are removed from the foundations to be sold, and that the reverse process of construction is used. Miedema also testified that he had been assessed for the bins but not for the dryers.

Petitioner's expert, Professor Fred Bakker-Arkema from Michigan State University, testified as to the moveability of the bins. He stated that the bins are merely bolted onto the foundation. Furthermore, he stated that bins are often sold totally independently of farms. On cross-examination, however, he agreed that bins are often sold as part of the farm.

More importantly to petitioner, Bakker-Arkema testified that the process of storing and drying grain in these bins is "absolutely essential" to agricultural processing.

The auditor, Jane Osburn, testified that use tax was assessable to Miedema as he was considered a contractor because he affixes items to realty. Osburn stated that it was the Treasury Department's opinion that the bins are permanently affixed to the ground. Osburn also admitted that the fan, dryer and transition were not taxed, because, "It was our opinion that they were readily moveable and they were part of the processing system, and were not affixed to realty".

The hearing officer issued a proposed judgment and opinion on May 2, 1982, which affirmed the Treasury Department's assessment. The Michgian Tax Tribunal (MTT) adopted it on March 22, 1982.

In *Dick & Don's Greehouses, Inc v Comstock Twp,* 112 Mich App 294, 296-297; 315 NW2d 573

(1982), this Court, quoting from *Michigan National Bank, Lansing v City of Lansing,* 96 Mich App 551, 553; 293 NW2d 626 (1980), stated:

" 'This Court's authority to review a decision of the Tax Tribunal is very limited. On appeal, we are bound by the factual determinations of the tribunal. *Ironwood v Gogebic County Board of Comm'rs,* 84 Mich App 464, 469; 269 NW2d 642 (1978). Where, as here, no fraud is alleged, our review is limited to the question of whether the tribunal committed an error of law of *[sic]* adopted a wrong principle. *Consolidated Aluminum Corp, Inc v Richmond Twp,* 88 Mich App 229, 231; 276 NW2d 566 (1979), Const 1963, art 6, § 28.

" 'For the purpose of taxation, real property includes "all lands within the state, and all buildings and fixtures thereon". MCL 211.2; MSA 7.2.' "

The only real contention before this Court is whether the MTT erred in ruling that the bins are permanently affixed to real estate. The fact that the grain bins may be part of a system used in agricultural production does not exempt them from use tax under MCL 205.94(f); MSA 7.555(4)(f) because the plain language of the statute states that the exemption does not apply to tangible personal property "permanently affixed and becoming a structural part of real estate". MCL 205.94(f); MSA 7.555(4)(f).

Furthermore, exemption statutes are to be strictly construed in favor of the taxing unit. *Ladies Literary Club v Grand Rapids,* 409 Mich 748; 298 NW2d 422 (1980); *Dick & Don's Greenhouses, Inc v Comstock Twp, supra.*

As noted by the Court in *Dick & Don's Greenhouses, Inc, supra,* this Court is bound by the factual determinations made by the tribunal. Thus, although petitioner is not a licensed contractor and claims to merely sell the bins at retail and

"installs" them, the tribunal's finding that he is a contractor for purposes of the use tax is supported by the facts and the statutory language. Therefore, if petitioner affixes the bins to the realty, he is a "consumer" under the meaning of the statute and use tax liability can be based upon his cost of the bins.

Again, the tribunal's finding of fact that the bins are annexed to realty is binding if authorized by law and supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28, *American Legion Memorial Home Ass'n of Grand Rapids v Grand Rapids,* 118 Mich App 700; 325 NW2d 543 (1982).

The record supports the MTT's findings. The bins are bolted onto "J"-shaped anchor brackets which are imbedded approximately ten inches into the concrete. All of these bins have concrete foundations which are poured by petitioner. Although the bins are resold separately, they are often sold as a part of the farm as well. Thus, because the bins are affixed to realty, petitioner is liable for the use tax.

Affirmed.