WILLIAM MUELLER & SONS, INC v DEPARTMENT OF
TREASURY

Docket No. 120500. Submitted February 12, 1991, at Lansing. Decided
June 3, 1991, at 9:10 A.M.

William Mueller & Sons, Inc., which sells fertilizer to farmers
and provides them with equipment needed for its application,
challenged in the Tax Tribunal an assessment of use tax by the
Department of Treasury on its purchase of certain equipment.
The Tax Tribunal ruled in favor of Mueller & Sons, determin-
ing the equipment to be exempt from the use tax under MCL
205.94(f); MSA 7.555(4)(f), as property used in the production of
horticultural or agricultural products. The Department of Trea-
sury appealed, contending that only farmers may claim the
exemption.

The Court of Appeals held:

Section 4(f), by its plain language, exempts from the use tax
property sold to a business enterprise if the property is used for
horticultural or agricultural growth. Section 4(f) does not re-
quire that the purchaser be engaged in the actual production of
horticultural or agricultural products in order to qualify for the
exemption. The Tax Tribunal correctly determined that the
exemption applied in this case.

Affirmed.

TAXATION — USE TAX — EXEMPTIONS — PROPERTY USED IN HORTICUL-
TURAL OR AGRICULTURAL PRODUCTION.

A taxpayer need not be engaged in the actual production of
horticultural or agricultural products in order to qualify for the
use-tax exemption for property used in horticultural or agricul-
tural production; the exemption applies as long as the property
is used in horticultural or agricultural production (MCL
205.94[f]; MSA 7.555[4][f]).

*Lambert, Leser, Dahm, Cook & Schmidt, P.C.* (by

REFERENCES
Am Jur 2d, Agriculture § 9; State and Local Taxation § 350.
See the Index to Annotations under Agriculture; Sales and Use
Taxes.

*Susan M. Cook* and *David L. Powers),* for William Mueller & Sons, Inc.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop,* Assistant Attorneys General, for the Department of Treasury.

Before: MCDONALD, P.J., and BRENNAN and JANSEN, JJ.

JANSEN, J. Respondent assessed charges on an unpaid use tax of $9,342.62 and interest for the period of April 1, 1981, through December 31, 1984, on petitioner's purchase of fertilizer equipment. Petitioner claimed that the purchases at issue are exempt under MCL 205.94(f); MSA 7.555(4)(f) as property involved in agricultural processing. On July 14, 1988, a hearing officer entered a proposed order determining that the equipment at issue was not exempt from the use tax. On August 16, 1989, the Tax Tribunal adopted the hearing officer's findings of fact but vacated his conclusions of law, holding that petitioner was entitled to a tax exemption under MCL 205.94(f); MSA 7.555(4)(f). Respondent appeals as of right. We affirm.

Petitioner is in the business of testing farm soil, recommending fertilizer mixes, and selling seed and fertilizer to farmers. Petitioner operates a number of elevators at which it purchases produce from farmers. In its business, petitioner purchases and uses fertilizer-application equipment. Petitioner uses this equipment for a contractual service to farmers for the application of fertilizer and for rental to farmers who apply fertilizer purchased from other sources. Petitioner also lends the equipment free of charge to farmers who purchase fertilizer from petitioner.

In reviewing a decision of the Tax Tribunal, we are bound by its factual determinations. *Miedema Metal Building Systems, Inc v Dep't of Treasury*, 127 Mich App 533, 536; 338 NW2d 924 (1983). Where fraud is not alleged, our review is limited to the question whether the tribunal committed an error of law or adopted a wrong principle. *Id.*

MCL 205.94(f); MSA 7.555(4)(f) provides in pertinent part:

> Property sold to a person engaged in a business enterprise and using and consuming the property in the tilling, planting, caring for, or harvesting of the things of the soil or in the breeding, raising, or caring for livestock, poultry, or horticultural products, including transfers of livestock, poultry, or horticultural products for further growth. In that case, at the time of the transfer of the tangible personal property, the transferee shall sign a statement, in a form approved by the department, stating that the property is to be used or consumed in connection with the production of horticultural or agricultural products as a business enterprise. The statement shall be accepted by the courts as prima facie evidence of the exemption. . . . This exemption *does* not include transfers of food, fuel, clothing, or similar tangible personal property for personal living or human consumption. This exemption shall not include tangible personal property permanently affixed and becoming a structural part of real estate.

We hold that § 4(f) applies to the present case. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Joy Management Co v Detroit*, 176 Mich App 722, 730; 440 NW2d 654 (1989). The legislative intent must be ascertained from the language used in the statute under consideration, given its ordinary significance, and with due re-

gard to the form of the expression. Where the intent is plain, there is no room for construction and we are bound by the expressed intent. *Romeo Homes, Inc v Comm'r of Revenue*, 361 Mich 128, 135; 105 NW2d 186 (1960); *National Exposition Co v Detroit*, 169 Mich App 25, 29; 425 NW2d 497 (1988). Tax exemption statutes are to be strictly construed in favor of the taxing unit. *Miedema, supra* at 536.

Section 4(f), by its plain language, exempts property sold to a business enterprise if the property is used for agricultural or horticultural growth. In the present case, it is not disputed that petitioner is a business enterprise and that the fertilizing equipment is used in the tilling, planting, caring for, or harvesting of things of the soil. Therefore, we hold that petitioner is entitled to an exemption under § 4(f).

We are unpersuaded by respondent's argument that the taxpayer must be in the business of producing agricultural products in order for § 4(f) to apply. Section 4(f) does not state this requirement. Had the Legislature intended this subsection to apply only to farmers, it would have expressly said so. This is evidenced by the fact that the Legislature specifically set forth this limitation under another exemption to the use tax. Under § 4(g), a taxpayer is not exempt if he only performs an industrial processing service and is not an industrial processor. By failing to include similar language in § 4(f), the Legislature evidenced its intent to provide broader coverage under § 4(f).

Respondent's reliance on the second sentence of the statute—"the property is to be used or consumed in connection with the production of horticultural or agricultural products as a business enterprise"—is misplaced. This language does not require that a taxpayer be in the business of

producing agricultural products. We hold that the sentence is intended to differentiate the production of agricultural products for personal use from the production of agricultural products in a business enterprise. The second sentence read in conjunction with the third sentence involves the creation of prima facie evidence of the exemption. It does not create additional requirements for the application of the exemption.

In sum, we hold that the exemption contained in § 4(f) does not require that the taxpayer be engaged in the actual production of horticultural or agricultural products.

Respondent also alleges that the Tax Tribunal erred in holding that petitioner is entitled to an exemption under the use tax because it was an "agriculturist" as defined in 1979 AC, R 205.51. Because we have concluded that there is no requirement that petitioner be in the business of producing horticultural or agricultural products, this administrative rule cannot impose this requirement through the use of the term "agriculturist." An administrative rule cannot exceed the statutory authority granted by the Legislature. *Michigan Sportservice, Inc v Comm'r of Dep't of Revenue*, 319 Mich 561, 566; 30 NW2d 281 (1948).

Affirmed.