SCHUMACHER v MACOMB-OAKLAND REGIONAL CENTER

Docket No. 125242. Submitted October 9, 1991, at Detroit. Decided November 19, 1991, at 9:35 A.M.

Maurice Schumacher brought an action in the Macomb Circuit Court against the Macomb-Oakland Regional Center and others, seeking a declaration that, as an employee of the Department of Mental Health who was injured as a result of an assault by a recipient of mental health services, he was entitled to receive supplemental disability benefits under MCL 330.1113; MSA 14.800(113). The court, Robert J. Chrzanowski, J., entered a declaratory judgment, finding that the plaintiff was entitled to certain supplemental benefits and stating the manner in which those benefits were to be computed. The defendants appealed.

The Court of Appeals *held:*

1. The portion of the judgment that ordered the defendants to pay the plaintiff supplemental disability benefits for the initial 21.6-week period, representing the differential amount between his weekly workers' compensation benefits and the "weekly net wage" computed by the defendants under § 113, was not contested by the defendants.

2. The trial court erred in equating the "weekly net wage" computed under § 113 with the "average weekly wage" computed under § 371 of the Workers' Disability Compensation Act, MCL 418.371(2); MSA 17.237(371)(2). The court, therefore, erred in ruling that the plaintiff was entitled to supplemental disability benefits for the initial 21.6-week period, representing the difference between the "average weekly wage" computed by the Accident Fund of Michigan pursuant to § 371 and the amount the plaintiff actually received in weekly workers' compensation benefits, requiring reversal of that portion of the judgment.

3. The trial court correctly ruled that the defendants must pay the plaintiff the difference between the § 113 "weekly net wage" of $342.69 and the weekly amount from the lump sum settlement. Under § 113, an injured mental health worker who

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 367-370.
See the Index to Annotations under Workers' Compensation.

is entitled to receive supplemental benefits is entitled to receive an amount that, when combined with workers' compensation equals the weekly net wage of the employee, regardless of whether workers' compensation is paid weekly or in a lump sum for a particular disability period.

Affirmed in part, reversed in part, and remanded.

1. Mᴇɴᴛᴀʟ Hᴇᴀʟᴛʜ — Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Mᴇɴᴛᴀʟ Hᴇᴀʟᴛʜ Eᴍᴘʟᴏʏᴇᴇs — Iɴᴊᴜʀɪᴇs — Assᴀᴜʟᴛ — Sᴜᴘᴘʟᴇᴍᴇɴᴛᴀʟ Bᴇɴᴇꜰɪᴛs.

The term "weekly net wage" used in the section of the Mental Health Code concerning a supplement to workers' compensation benefits for Department of Mental Health employees injured in an assault by a mental health services recipient is not equivalent to the term "average weekly wage" as defined in the Workers' Disability Compensation Act (MCL 330.1113, 418.371[2]; MSA 14.800[113], 17.237[371][2]).

2. Mᴇɴᴛᴀʟ Hᴇᴀʟᴛʜ — Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Mᴇɴᴛᴀʟ Hᴇᴀʟᴛʜ Eᴍᴘʟᴏʏᴇᴇs — Iɴᴊᴜʀɪᴇs — Assᴀᴜʟᴛ — Sᴜᴘᴘʟᴇᴍᴇɴᴛᴀʟ Bᴇɴᴇꜰɪᴛs.

An employee of the Department of Mental Health who is injured in an assault by a mental health services recipient and is entitled to receive supplemental disability benefits from the Department of Mental Health is entitled to an amount that, when combined with workers' compensation equals the weekly net wage of the employee; in determining the amount of workers' compensation, it does not matter whether the benefits are paid weekly or in a lump sum for a particular disability period (MCL 330.1113; MSA 14.800[113]).

*James A. Tanielian,* for the plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Clive D. Gemmill* and *Gary L. Finkbeiner,* Assistant Attorneys General, for the defendants.

Before: Hᴏᴏᴅ, P.J., and Mᴜʀᴘʜʏ and Cᴀᴠᴀɴᴀɢʜ, JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Plaintiff was an employee at defendant Macomb-Oakland Regional Center when he was injured in an assault by a patient in August 1986. Plaintiff applied for and was granted workers' compensation benefits. Pursuant to MCL

418.371(2); MSA 17.237(371)(2) plaintiff's average weekly wage was determined to be $474.61, entitling plaintiff to $294.72 in weekly benefits. This net amount was paid for 21.6 weeks of the 39.6-week period plaintiff was disabled. For the remaining 18-week period, plaintiff negotiated a lump sum settlement with the Accident Fund of Michigan for $2,200. Arithmetically, this is equivalent to an average weekly benefit of $122.22. Plaintiff also applied for supplemental disability benefits from the Department of Mental Health. Pursuant to MCL 330.1113; MSA 14.800(113), the statute involved in that claim, plaintiff's weekly net wage was determined to be $342.69.

In October 1989, plaintiff filed a complaint alleging that defendants were required to pay him supplemental benefits equaling the difference between the $474.61 average weekly wage computed by the Accident Fund of Michigan and the $294.72 he actually received in weekly benefits for 21.6 weeks and the $122.22 "average" weekly benefit realized from his settlement for the remaining 18-week period. After defendants filed their answer, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10).

Following a hearing, the trial court granted plaintiff's motion and issued a declaratory judgment. The court ruled that plaintiff was entitled to supplemental disability benefits under MCL 330.1113; MSA 14.800(113) in the amount of $179.89 a week for 21.6 weeks, representing the difference between the average weekly wage of $474.61 and the amount of workers' compensation benefits actually paid. The court further ordered defendants to pay plaintiff $47.97 a week for the 21.6-week period, representing the difference between the weekly net wage of $342.69 and the $294.72 in benefits received, for a total of

$1,036.15. For the remaining 18-week disability period, the trial court ordered defendants to pay $220.47 a week, representing the difference between the $122.22 in average weekly benefits realized from the settlement and the $342.69 weekly net wage as calculated by defendants, for a total of $3,968.46.

From this declaratory judgment, defendants appeal as of right. We affirm in part and reverse in part.

On appeal, defendants do not contest that portion of the declaratory judgment that ordered them to pay plaintiff supplemental disability benefits of $47.97 for the first 21.6-week period, the differential amount between the $294.72 plaintiff received in weekly workers' compensation benefits and the $342.69 weekly net wage computed by defendants. Accordingly, we affirm this aspect of the lower court order.

We agree with defendants that the trial court mistakenly concluded that the phrase "average weekly wage" as defined in MCL 418.371(2); MSA 17.237(371)(2) was synonymous with "weekly net wage" as used in MCL 330.1113; MSA 14.800(113). This issue was concededly resolved in *Alston v Northville Regional Psychiatric Hosp,* 189 Mich App 257; 472 NW2d 69 (1991), and *Pringle v Ypsilanti Regional Psychiatric Hosp,* 185 Mich App 446, 456; 463 NW2d 144 (1990). The trial court, therefore, erred in ruling that plaintiff was entitled to supplemental disability benefits of $179.89 a week for the initial 21.6-week period, which represented the difference between the $474.61 "average weekly wage" computed by the Accident Fund of Michigan and the $294.72 plaintiff actually received in weekly compensation benefits. Moreover, that ruling is apparently inconsistent with the trial court's further ruling that

defendants were required to pay plaintiff $1,036.15, representing the total difference between the "weekly net wage" of $342.69 and the $294.72 received in compensation benefits for the same 21.6-week period. Hence, we reverse that portion of the declaratory judgment that required defendants to pay plaintiff the difference between the average weekly wage as calculated by the Accident Fund of Michigan and the amount of compensation benefits he actually received for the initial 21.6-week period.

We now turn to the issue of plaintiff's entitlement to supplemental disability benefits for the remaining 18-week period, for which plaintiff negotiated a lump sum settlement of $2,200, equating to an average weekly compensation rate of $122.22. Defendants argue that, because plaintiff voluntarily gave up his right to full compensation benefits for that final period by accepting the settlement, they should not have to make up the difference in supplemental disability benefits. Moreover, defendants contend that the $2,200 represents 7.46 weeks of compensation at the rate of $294.72, the amount previously being received by plaintiff. Therefore, defendants claim they are liable for only 7.46 weeks of supplemental disability benefits at the established rate of $47.97 a week.[1] The trial court, however, disagreed and ordered defendants to pay plaintiff $220.47 a week, the differential amount between the weekly net wage

[1] In their answer to plaintiff's complaint, defendants denied the allegation that they were required to pay plaintiff $352.38 a week, the differential amount between his weekly compensation rate of $474.61 and the average weekly rate of $122.22 realized from the settlement. We note, however, that defendants did aver that plaintiff was entitled to supplemental disability benefits of $220.47 a week, representing the difference between plaintiff's weekly net wage ($342.69) and the average weekly rate of compensation he received under the settlement ($122.22). Therefore, defendants' argument on appeal is completely contrary to their signed pleading.

of $342.69 and the average weekly compensation rate of $122.22 realized by plaintiff from the settlement, resulting in a total recovery of $3,968.46. After reviewing the statutory provision entitling an injured mental health care worker to supplemental disability benefits, we conclude that the trial court's ruling in this regard was correct.

Plaintiff's entitlement to supplemental disability benefits is governed by MCL 330.1113; MSA 14.800(113), which provides:

> A person employed by the department who is injured as a result of an assault by a recipient of mental health services shall receive his full wages by the department until workmen's compensation benefits begin and then *shall receive* in addition to workmen's compensation benefits *a supplement* from the department *which together with the workmen's compensation benefits shall equal* but not exceed *the weekly net wage* of the employee at the time of the injury. This supplement shall only apply while the person is on the department's payroll and is receiving workmen's compensation benefits and shall include an employee who is currently receiving workmen's compensation due to an injury covered by this section. Fringe benefits normally received by an employee shall be in effect during the time the employee receives the supplement provided by this section from the department. [Emphasis added.]

General principles of statutory construction dictate that nothing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself. *Jefferson Schools v Detroit Edison Co,* 154 Mich App 390, 393; 397 NW2d 320 (1986). If the plain and ordinary meaning of the language is clear, judicial

construction is neither necessary nor permitted and we are bound by the expressed intent. *William Mueller & Sons, Inc v Dep't of Treasury,* 189 Mich App 570, 572-573; 473 NW2d 783 (1991).

The language of § 113 is clear. An injured mental health care worker who is entitled to receive supplemental benefits is entitled to receive an amount that when combined with the amount being received from workers' compensation *equals* the weekly net wage of the employee. There is no ambiguity in this provision and no qualifying language that would entitle us to place the limits urged by defendants. Although the statute requires, among other things, that the injured employee be receiving workers' compensation benefits, it does not distinguish between those benefits being paid weekly and those paid in a lump sum for a particular disability period.

In this case, the $2,200 settlement plaintiff received from the Accident Fund of Michigan represented his workers' compensation benefits for an 18-week disability period. This amount factored out to a weekly compensation rate of $122.22. Under § 113, plaintiff is entitled to receive from defendants an amount that when combined with this $122.22 would equal his weekly net wage of $342.69 for the full 18-week disability period, i.e., $220.47. Accordingly, we affirm that portion of the declaratory judgment that ordered defendants to pay $3,968.46, representing 18 weeks of the differential amount of $220.47. Furthermore, because neither party contests the placement of the funds in escrow pending defendants' claims of deductions or setoffs, we affirm that order by the trial court.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.