REYNOLDS *v.* GREAT AMERICAN INSURANCE
COMPANY OF NEW YORK.

1. STATUTES—CONSTRUCTION—VENUE.
   Statutes pertaining to service of process upon particular types of insurers may properly be considered, incidental to and as an aid in determining the legislative intent in enacting the venue statutes (CL 1948, §§ 512.4, 610.1, 613.29, 613.33).

2. VENUE—TRANSITORY ACTION—CONTRACTS—NONRESIDENTS.
   Transitory actions upon contracts can be brought against nonresidents of the State in any county where service of process can be obtained upon them (CL 1948, § 610.1).

3. SAME — CONSTITUTION — STATUTES — TRANSITORY ACTION — CONTRACTS.
   The jurisdiction conferred on the circuit court by the Constitution over transitory actions upon contracts against nonresidents of the State cannot be taken away by legislation limiting the forum of the action to the county in which the plaintiff resides (Const 1908, art 7, § 8).

4. SAME—CONSTRUCTION OF STATUTES—ACTION AGAINST NONRESIDENT.
   The purpose of requiring that transitory actions be tried in the county where one of the parties shall reside at the time of bringing suit is meant to save resident defendants from vexatious suits in places remote from their homes, and not to protect nonresidents of the State from being sued at all if they cannot be found in the plaintiff's county (CL 1948, § 610.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am Jur, Statutes, § 347 *et seq.*
[2, 4, 5] 56 Am Jur, Venue, § 32.
[3] 14 Am Jur, Courts, § 207; 56 Am Jur, Venue, § 4.
[5-7] 50 Am Jur, Statutes, § 240.
[5, 7] 50 Am Jur, Statutes, §§ 281, 282.

5. SAME—CONSTRUCTION OF STATUTES—FOREIGN INSURANCE COMPANIES—"AND."

> Statute providing that "suits may be commenced against foreign * * * insurance companies * * * in the circuit court of any county in this State, in which the plaintiff resides, *and* in which such company is authorized to issue policies, or take risks" is construed as permitting resident of one county to sue foreign insurance company in another county in which policy had been issued and where process had been served on its agent notwithstanding "and" is construed as disjunctive (CL 1948, § 610.1).

6. STATUTES—LITERAL CONSTRUCTION—INTENT.

> The mere literal construction of a statute ought not to prevail if it is opposed to the intention of the legislature apparent from the statute; and if the words are sufficiently flexible to admit of some other construction by which that intention can be better effected, that construction should be adopted.

7. SAME—CONSTRUCTION OF "AND" AS "OR."

> While words "or" and "and" are not to be treated as interchangeable and are to be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words and one read in place of the other in deference to the meaning of the context.

8. INSURANCE—PROOF OF LOSS—QUESTION OF FACT—MOTION TO DISMISS.

> Whether or not insured under fire insurance policy had complied with insurance contract by furnishing proof of loss is a question of fact not determinable on a motion to dismiss.

Appeal from Shiawassee; Lyons (Willis L.), J. Submitted June 9, 1950. (Docket No. 53, Calendar No. 44,803.) Decided September 11, 1950.

Action by Winston R. Reynolds and wife against Great American Insurance Company of New York, a foreign insurance corporation, on a fire insurance policy. Action dismissed on motion. Plaintiffs appeal. Reversed and remanded for further proceedings.

*V. O. Braun* and *Kenneth B. Kelly,* for plaintiffs.

*Norman L. Des Jardins,* for defendant.

Boyles, C. J.   Plaintiffs, residents of Cheboygan county, started this suit at law against the defendant, a foreign fire insurance company, in the circuit court for Shiawassee county.  The policy on which suit was brought was issued in Shiawassee county by an agent of the defendant company who had an office there.  The defendant appeared specially and moved to dismiss the suit on the ground that the court in Shiawassee county did not have jurisdiction—that the suit could be started only in Cheboygan county where the plaintiffs reside.  The court granted the motion and the plaintiffs appeal.

The precise question involved is the question of venue.  Did the court in Shiawassee county have jurisdiction?  The statutory provisions on the question of venue are in chapter 10 of PA 1915, No 314 (the judicature act), and the material parts of the controlling section are as follows:

"Actions shall be commenced and tried in the proper county as follows:   *   *   *

"2. All actions founded upon wrongs, and contracts, *except as herein otherwise provided,* shall be commenced and tried in the county where one of the parties shall reside at the time of commencing such action;   *   *   *

"4. Suits may be commenced against foreign and domestic insurance companies,   *   *   *   in the circuit court of any county in this State, in which the plaintiff resides, and in which such company is authorized to issue policies, or take risks."   CL 1948, § 610.1 (Stat Ann § 27.641).

Plaintiffs claim that the statute allows them to commence their suit in either of 2 counties—(1) where the plaintiffs reside, and (2) in any county in

which the defendant is authorized to issue policies, or take risks. Admittedly, the defendant company has an agent in Shiawassee county, is authorized to issue policies in that county, and service of process has been made upon the defendant's agent there. See CL 1948, §§ 613.29, 613.33 (Stat Ann §§ 27.759, 27.763).

Counsel for both parties cite and rely upon statutory provisions for service of process on insurance companies and other corporations. CL 1948, § 512.4 (Stat Ann 1943 Rev § 24.94), requires foreign insurance companies to file with the insurance commissioner a consent that legal process served on the insurance commissioner shall have the same effect as personal service on the company. CL 1948, § 613.33 (Stat Ann § 27.763), requires that service of process against insurance companies be made upon such officer, if such appointment has been made, but adds that "In cases against fire and marine insurance companies service of process may be made in the manner herein provided or in any other manner permitted by law." Some of these statutory provisions fit into the question of venue, and may properly be considered, incidental to and as an aid in determining the legislative intent in enacting the venue statutes.

. This Court has not heretofore had before it the question of venue based upon the circumstances of the case at bar. To summarize, plaintiffs are residents of Cheboygan county; the defendant is a foreign fire insurance company with an agent in Shiawassee county, is authorized to issue policies, or take risks, in Shiawassee county, the suit was started and service of process has been made upon the defendant's agent in that county, but service of process has not been made upon the insurance commissioner or his deputy. In *Smith* v. *Provident Savings Life Assurance Society,* 159 Mich 167, plaintiff was a res-

ident of Manistee county and the defendant, a foreign life insurance company, had an agent in Kent county. Suit was started in the circuit court of Wayne county. The case differs from the case at bar in that service of process there was had on the insurance commissioner, and was the only service of process obtained. The circuit court, on motion, dismissed the case for lack of jurisdiction because the plaintiff was not a resident of Wayne county, and no service had been made on the defendant. The statute then, as now, provided that every foreign insurance company shall file with the insurance commissioner its consent that legal process served on the insurance commissioner, after the filing of consent for such service, should have the same effect as if personally served upon the company. See CL 1948, § 512.4 (Stat Ann § 24.94). However, the above (*Smith*) *Case,* where service of process was made on the insurance commissioner only, and not on the defendant company, does not control decision in the case at bar, where service has been made on the defendant company but not on the commissioner. Statutes referring to the effect of service on the commissioner cannot be said to control the instant case. However, counsel for the plaintiffs get support from the statement made in the opinion in said case, that:

"Proceedings against nonresidents, however, may be brought wherever service of process may be had upon them, without regard to the residence of the plaintiff. *Atkins* v. *Borstler,* 46 Mich 552."

Decision in the above case finally turned upon the question of venue where service of process was had solely on the insurance commissioner, hence the case affords little aid in determining the question before us. However, under the above circumstances, the Court said:

"The question presented is whether this statute (for service on the insurance commissioner) is a modification of the rule of law previously existing, to the extent that it authorizes the bringing of a suit in any county in the State if service of process be had upon the commissioner. We do not so construe the statute. The general rule and statutes relating to service of process fix jurisdiction, and undoubtedly the action might be brought in the county of plaintiff's residence or in any county where service might be had upon a duly authorized agent of the defendant. But this statute is designed to avoid the necessity of such service, but was not intended to change the jurisdiction, and to confer it upon any court in the State. It should require very clear terms to indicate any such purpose, as the inconvenience in permitting a suit to be brought in a remote part of the State is manifest."

No cogent reason occurs to us why the defendant insurance company should not be required to defend the instant case in Shiawassee county where it has an office, an agent, and where it issues policies, instead of in Cheboygan county in which the court admittedly would have jurisdiction. The merits of the matter have been well summarized in the conclusion reached by Justice CAMPBELL, the Court concurring, in the case of *Atkins* v. *Borstler,* 46 Mich 552, stated in the syllabus as follows:

"Transitory actions upon contracts can be brought again[st] nonresidents of the State in any county where service can be obtained upon them.

"The Constitution* gives jurisdiction to the circuit courts over transitory actions upon contracts, against nonresidents of the State; and this jurisdiction cannot be taken away by any legislation limiting the forum of the action to the county in which the plaintiff resides.

---

* See Const 1850, art 6, § 8; Const 1908, art 7, § 8.—REPORTER.

"The statute (CL 1871, § 5970)* in requiring transitory actions to be tried in the county where one of the parties shall reside at the time of bringing suit, is meant to save resident defendants from vexatious suits in places remote from their homes, and not to protect nonresidents of the State from being sued at all if they cannot be found in the plaintiff's county."

Under the circumstances of the case, and what must be considered to be the legislative intent, PA 1915, No 314, chap 10, § 1, subd 4 (CL 1948, § 610.1 [Stat Ann § 27.641]), *supra,* allows this case to be commenced and tried in Shiawassee county. The court erred in concluding that the court did not have jurisdiction. It might be said that in reaching our conclusion we are construing "and" as used in said section as a disjunctive. Under proper circumstances this may be done, in order to reach a proper conclusion as to the legislative intent.

"The mere literal construction of a statute ought not to prevail if it is opposed to the intention of the legislature apparent from the statute; and if the words are sufficiently flexible to admit of some other construction by which that intention can be better effected, that construction should be adopted.

"While words 'or' and 'and' are not to be treated as interchangeable and are to be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words and one read in place of the other in deference to the meaning of the context." *Heckathorn* v. *Heckathorn* (syllabi), 284 Mich 677.

See, also, *Elliott Grocer Co.* v. *Field's Pure Food Market, Inc.,* 286 Mich 112, at page 116 (118 ALR 845).

---

* See CL 1948, § 610.1 (Stat Ann § 27.641).—REPORTER.

The circuit judge granted defendant's motion to dismiss, on the ground of lack of venue, and therefore did not reach the second ground urged for dismissal, namely, that plaintiffs had not complied with the insurance contract by furnishing proof of loss. This is obviously a question of fact, and an issue not to be determined on a motion to dismiss. *Gunn* v. *Gunn,* 205 Mich 198; *Pallas* v. *Crowley, Milner & Co.,* 322 Mich 411.

The order granting defendant's motion is set aside, and the case remanded for further proceedings. Costs to appellants.

REID, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.