ALLIED BUILDING CREDITS, INC., *v.* MATHEWSON.

1. BILLS AND NOTES—INDORSEMENT WITHOUT RECOURSE—EVIDENCE OF SUBTERFUGE.
   Evidence presented by defendants in action on promissory note bearing printed indorsement "without recourse" *held*, insufficient to show that relationship between payee and plaintiff indorsee was a subterfuge to avoid defenses against the payee.

2. SAME—INDORSEMENT WITHOUT RECOURSE—HOLDER IN DUE COURSE.
   Whether or not plaintiff, promissory note indorsee without recourse, was a holder in due course without notice of defend-

---

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 8 Am Jur, Bills and Notes § 383 *et seq.*

ant makers' defense of failure of consideration *held,* for jury
and evidence on such question was sufficient to support its
verdict for defendants.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—HOLDER IN DUE
   COURSE—FAILURE OF CONSIDERATION—SET-OFF—RECOUPMENT.
   Question as to whether or not defendant makers in action by
   indorsee without recourse were entitled to judgment of no
   · cause of action upon a showing of failure of consideration
   and that plaintiff was not a holder in due course when it
   purchased the note, because defendants had not claimed any
   set-off or· recoupment is not determined, where the issue was
   not pleaded, nor presented to the trial court, nor raised as a
   reason or ground for appeal.

Appeal from Oakland; Hartrick (George B.), J.
Submitted October 9, 1952. (Docket No. 29, Calendar No. 45,554.) Decided December 9, 1952.

Action by Allied Building Credits, Inc., a Delaware corporation, against Robert C. Mathewson and wife on promissory note. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Robert D. Anspach,* for plaintiff.

*William John Beer* (*John B. Osgood,* of counsel), for defendants.

BUTZEL, J.  Robert C. Mathewson and Pauline Mathewson, his wife, defendants herein, gave an order dated May 25, 1950, to the Certified Home Improvement Company, herein referred to as the Certified Company, for certain specified lumber and building supplies for which they agreed to pay $1,165 by promissory note payable at the rate of $37.21 per month.  The order was executed by the Smith-Orr Company, a dealer, who on June 1, 1950, billed the Certified Company for it, the invoice stating that the materials were to be delivered to Mr. Mathewson at Waterford, Michigan.  Shortly thereafter and while

Mr. Mathewson was away from home, the lumber and supplies were brought to the Mathewson home. Mrs. Mathewson was asked to sign a receipt and she at first demurred on the ground that she knew nothing at all about the materials but she did sign when told that unless she did so the lumber would not be delivered and that if her husband found any fault, the company would come out and check it. The record does not indicate with certainty what she signed. She produced a document marked "customer's copy" of an invoice of materials to be delivered to Robert Mathewson. It contains a list of the materials. At the bottom there is a line to be signed by the customer with the words, "received by" preceding the line. Mrs. Mathewson referred to what she signed as a completion certificate. The witness for the Allied Building Credits, Inc., a Delaware corporation, plaintiff herein, also referred to a completion certificate which showed that the materials were delivered. Plaintiff did not introduce the "completion certificate" or a copy thereof as an exhibit, nor was any objection made to a reference to its contents at the trial of the case. There was no receipt for the materials nor a completion certificate signed by Mr. Mathewson. Mrs. Mathewson testified that she had no authority to sign.

When Mr. Mathewson arrived home the day the materials were delivered he made an immediate examination and according to his testimony he found the lumber was short and that the material he had ordered had not been delivered. He immediately called up the Smith-Orr Company who told him to call up one Jackson at the Certified Company. Jackson in turn instructed Mathewson to call Allied Building Credits, Inc., the plaintiff herein. Upon calling up the latter's office he was told that plaintiff would have a man come over on the following day.

Mathewson and wife had given a note dated June

6, 1950, to the Certified Company, the seller, for $1,-339.52, evidently interest and charges having been added to the original amount. The note had printed on the back "without recourse, pay to the order of Allied Building Credits, Inc.," then a line for signature, below which were the words "dealer or contractor" and further down another line was the word "title." The name, of the Certified Company was written in and after it "by Mildred Cogswell, bookkeeper." No question was raised as to her authority although the inference might be drawn from the acceptance of an indorsement by a bookkeeper that plaintiff and Certified Company had a close relationship.

The dates of the various events and conversations are uncertain. Mathewson and wife had made no memoranda and differed as to dates in recalling the exact events that happened long before the trial. It is quite probable that the note was given before the lumber was delivered. Mathewson testified that a day or two after he called up plaintiff's office it sent a man to Mathewson's home. He examined the lumber and stated that he did not blame Mathewson for not paying. However, he did make some further payments but when he was told that he would have to look to the supplier of the lumber for redress he stopped payment. Notwithstanding Mathewson's difficulty in remembering dates and the confusion as to exact dates, the so-called "completion certificate" apparently was signed the day the lumber was delivered and probably during the first week in June. Mathewson testified that he had notified plaintiff that the supplies were no good late on the same day that the lumber had been delivered. Payment to the Certified Company by plaintiff for the purchase of the note was not made until June 14, 1950, when, plaintiff's witness testified, it had the completion certificate, showing the delivery of the materials, in its

possession. Plaintiff introduced no testimony to deny Mathewson's statement that he promptly notified plaintiff of the failure to deliver what had been ordered and that plaintiff sent one of its men to inspect the material and who told Mathewson that he was justified in his complaint.

Plaintiff claims to be a bona fide holder of a note in due course. Defendants deny this and insist that plaintiff was notified of the failure of consideration immediately and prior to the completion of the negotiation of the note by paying for it. Defendants further plead coverture of Mrs. Mathewson who testified she had no authority to sign the completion certificate. Defendants further claim that Certified Company is so intertwined with plaintiff as to be a branch of it and the indorsement "without recourse" is simply a subterfuge so as to avoid defenses against the original payee. The printing on the back of the note is suggestive at the most but is in no way proof of defendants' claims as to the relationship between the 2 companies. Plaintiff testified that it furnishes such form notes to all of its customers. The statement accompanying plaintiff's check to Certified Company shows that plaintiff purchased an additional note signed by a different customer of Certified Company at the same time. We decline without further proof to find the intimate relationship between the 2 companies as claimed by defendants. We do, however, hold with the trial judge that there was sufficient proof of notice to the plaintiff so that it became a jury question whether plaintiff was a holder in due course without notice. Testimony indicates that the materials were delivered prior to the payment by plaintiff to Certified Company. Otherwise there could not have been the completion certificate. The judge further commented upon the fact that the completion certificate was not signed by Mr. Mathewson and that that must have been noted by

plaintiff before purchasing the note. Plaintiff introduced testimony to the effect that after it had a note signed by both husband and wife, it was satisfied with the signature of either one on the completion certificate and that it was its custom to require a completion certificate before it purchased a note.

The case is a close one on the facts and is particularly clouded by the discrepancy in the testimony with regard to dates. We conclude, however, that there was sufficient testimony to take the case to the jury, which found in defendants' favor. There seems to be very little difference between the parties as to the law; it became solely a question whether plaintiff was a holder in due course.

Plaintiff raises the question of whether defendants, in the absence of any claim of set-offs or recoupments and loss sustained by defendants herein by reason of the alleged delivery to them of improper lumber by the original payee named in the note, are entitled to a judgment of no cause of action upon the showing that plaintiff is not a holder in due course. Testimony of defendants was that the supplier of the materials did not furnish the materials ordered. They did not claim any set-off or recoupment. This question is raised for the first time on appeal. It was not even raised as a reason or ground for appeal. An issue not pleaded nor otherwise presented to the trial court cannot be urged on appeal. *Lintern* v. *Zentz,* 327 Mich 595 (18 ALR2d 713).

Judgment affirmed, with costs to defendants.

ADAMS, C. J., and DETHMERS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.