BAR PROCESSING CORPORATION v STATE TAX COMMISSION

Docket No. 100548. Submitted March 14, 1988, at Detroit. Decided May 9, 1988.

Bar Processing Corporation was granted an industrial facilities exemption certificate by the State Tax Commission for its new facility located in the City of Fraser. The certificate provided Bar with a substantial reduction in certain real and personal property taxes. Bar subsequently moved its operations outside Fraser, and the Fraser city council adopted a resolution calling for the revocation of Bar's exemption certificate. The resolution was transmitted to the State Tax Commission, which notified Bar of the resolution. Bar requested a hearing before the commission. Following the hearing, the commission ruled that Bar's move from Fraser constituted a sufficient ground for revocation of its exemption certificate. Notice of the decision to revoke the certificate was sent to Bar via certified mail, return receipt requested, on January 16, 1986, but was returned unopened because it had been incorrectly addressed. Notification was effected on March 25, 1986, when counsel for Bar was provided with a copy of the December 19, 1985, order of the commission. Bar appealed to the Oakland Circuit Court, which affirmed the decision of the State Tax Commission, James S. Thorburn, J. Bar appealed.

The Court of Appeals held:

1. Bar's argument that the mere cessation of operations, without more, is an insufficient ground for revoking a certificate because the statute requires a failure not only to operate the covered facility, but also to construct it, is rejected. The statutory phrase, "has not proceeded in good faith with the replacement, restoration, or construction and operation of the facility," was meant by the Legislature to require a company to continue its operations after constructing its facility in order to retain the tax advantages which were extended in an effort to encourage the growth of business in the affected community and in the state. Whenever a company fails to complete con-

REFERENCES
Am Jur 2d, State and Local Taxation §§ 307 et seq., 354 et seq.
See the Index to Annotations under Taxes.

struction of a facility or to continue operating the facility, its certificate may be revoked.

2. Bar's argument that the commission's order revoking its certificate became void because the commission failed to send a copy of the order to Bar via certified mail, as specified in the statute, is also rejected. Before a decision or order of the State Tax Commission revoking an industrial facilities exemption certificate can be held to be unlawful and set aside, substantial rights of the petitioner must have been prejudiced. Bar suffered no prejudice as a result of the commission's failure to effect notice of the revocation order as contemplated in the statute. There is no basis upon which a reversal or modification of the commission's order would be warranted on this issue.

Affirmed.

1. TAXATION — INDUSTRIAL FACILITIES EXEMPTION CERTIFICATE.

The holder of an industrial facilities exemption certificate must not only proceed in good faith with construction of the facility for which a certificate is issued but must also continue to operate the facility in a manner consistent with the purposes of the plant rehabilitation and industrial development districts act in order to maintain entitlement to the certificate (MCL 207.551 *et seq.*; MSA 7.800[1] *et seq.*).

2. TAXATION — STATE TAX COMMISSION — APPEAL.

A party challenging as unlawful a decision or order of the State Tax Commission revoking an industrial facilities exemption certificate must first show that it has substantial rights which have been prejudiced because of the decision or order (MCL 24.306[1], 207.570; MSA 3.560[206][1], 7.800[20]).

*Honigman, Miller, Schwartz & Cohn* (by *Michael B. Shapiro*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Richard R. Roesch* and *Ross H. Bishop*, Assistant Attorneys General, for respondent.

Before: WAHLS, P.J., and MAHER and G. S. ALLEN,* JJ.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Petitioner, Bar Processing Corporation, appeals as of right from an order of the Oakland Circuit Court affirming a decision of respondent, the State Tax Commission (STC), revoking petitioner's industrial facilities exemption certificate. This appeal concerns the construction of MCL 207.565(2); MSA 7.800 (15)(2), which sets forth the procedure for revoking such a certificate. We affirm.

The record reveals that Bar Processing was granted an industrial facilities exemption certificate by the STC in February, 1981, for its new facility located in the City of Fraser. The certificate, which was to expire on December 31, 1991, provided Bar Processing a substantial reduction in certain real and personal property taxes. When Bar Processing moved its operations outside Fraser, its affiliate, Cold Extrusions, Inc., expanded its operation to the entire vacated facility. Thereafter, in March, 1985, the Fraser city council adopted a resolution calling for the revocation of Bar Processing's industrial facilities exemption certificate based on the corporation's removal of its operations outside the Fraser city limits. This resolution was transmitted to the STC, pursuant to the terms of MCL 207.565(2); MSA 7.800(15)(2).

After receiving notice of the city council's resolution by way of a September, 1985, letter from the STC, Bar Processing's counsel requested a hearing.[1] After it conducted a hearing, the STC issued a

---

[1] On November 14, 1984, representatives from Bar Processing and Cold Extrusions, Inc., met with the Fraser city council to present a request to transfer the certificate held by Bar Processing to Cold Extrusions, Inc. The request was denied based on the latter's numerous violations of the city's building code. Bar Processing appealed the denial to the STC, which, in view of its holding that the move of operations from Fraser constituted a sufficient ground for revoking the exemption certificate pursuant to statute, found it unnecessary to address the issue. In the present appeal, Bar Processing neither raises nor briefs any issue regarding the denial of its transfer request.

decision on December 19, 1985, stating that the removal of Bar Processing's operations from Fraser constituted a sufficient ground for revocation of its industrial facilities exemption certificate pursuant to statute.

The record from the STC reflects that notice of the decision to revoke Bar Processing's industrial facilities exemption certificate was sent via certified mail, return receipt requested, on January 16, 1986, and was returned unopened to the sender due to having been incorrectly addressed.[2] Notification of the revocation was not effected until March 25, 1986, when counsel for Bar Processing was provided with a copy of the December 19, 1985, order of the STC.

On appeal, Bar Processing argues that the city council's resolution was legally insufficient in two respects to enable the STC to revoke the industrial facilities exemption certificate. First, it is argued that the resolution itself failed to state a request for revocation, as required by MCL 207.565(2); MSA 7.800(15)(2), and, second, that the resolution itself failed to state a ground specified in the statute to permit revocation, as required by MCL 207.565(3); MSA 7.800(15)(3).

MCL 207.565(2); MSA 7.800(15)(2) provides, in pertinent part:

> The legislative body of a local governmental unit *may by resolution request* the commission to revoke the industrial facilities exemption certificate of a facility upon the grounds that . . . the purposes for which the certificate was issued are not being fulfilled as a result of a failure of the holder to proceed in good faith with the replacement, restoration, or construction and operation of the

---

[2] Bar Processing asserted in its appeal to the circuit court that it did not receive notice of the revocation until it appealed a tax assessment to the Fraser Board of Review on March 25, 1986.

replacement facility or new facility or with the use of the speculative building as a manufacturing facility in a manner consistent with the purposes of this act and in the absence of circumstances that are beyond the control of the holder. [Emphasis added.]

The contention by Bar Processing that the city council's resolution does not state a request for revocation is belied by the plain and unequivocal language of the resolution itself, which, among other things, states:

> RESOLVED, Whereby the Council of the City of Fraser, in accordance with a recommendation by the City Assessor, *hereby moves to revoke* Industrial Facilities Tax Exemption Certificate No. 80-435, held by Bar Processing Corporation, based upon the relocation of said certificate holder's operation outside of Fraser's corporate boundaries. [Emphasis added.]

MCL 207.565(3); MSA 7.800(15)(3) provides, in pertinent part:

> Upon receipt of the resolution, the commission shall give notice in writing by certified mail to the holder of the certificate . . . . The commission shall afford to the holder of the certificate, the local legislative body, the assessor, and a representative of the legislative body of each taxing unit an opportunity for a hearing. The commission shall by order revoke the certificate if the commission finds that . . . the holder of the certificate has not proceeded in good faith with the replacement, restoration, or *construction and operation* of the facility or with the use of the speculative building as a manufacturing facility in good faith in a manner consistent with the purposes of this act and in the absence of circumstances that are beyond the control of the holder. [Emphasis added.]

The city council's resolution states that Bar Processing has relocated its operations "outside of Fraser's corporate boundaries," this clearly suggesting that the certificate holder has ceased to operate its industrial facility in Fraser. Bar Processing argues that the mere cessation of operations, without more, is an insufficient ground for revoking a certificate because the statute itself requires a failure not only to operate the covered facility, but also to construct it. Specifically, it is argued that the conjunctive "and" placed between "construction" and "operation" evinces a legislative intent that before revocation of a holder's certificate may be effected, the holder must have failed to have proceeded in good faith to have operated *and* to have constructed the covered facility. We disagree.

In *Town & Country Dodge, Inc v Dep't of Treasury,* 420 Mich 226, 240; 362 NW2d 618 (1984), reh den 421 Mich 1202 (1985), the Supreme Court reiterated two well-established principles of statutory construction:

> A fundamental rule of statutory construction is that the court is obligated to ascertain and give effect to the intention of the Legislature, and it is equally axiomatic that words are to be given their ordinary, normally accepted meaning. *American Telephone & Telegraph Co v Employment Security Comm,* 376 Mich 271, 279; 136 NW2d 889 (1965) (opinion of O'HARA, J.).

Where the meaning of a statute is plain and unambiguous, judicial construction or interpretation is precluded. *Land v George Schmidt Co,* 122 Mich App 167, 170; 333 NW2d 30 (1982), lv den 417 Mich 1083 (1983). Moreover, if construction is required, unreasonable consequences must be avoided. *ACCO Industries, Inc v Dep't of Treasury,*

134 Mich App 316, 320-321; 350 NW2d 874 (1984), lv den 421 Mich 857 (1985). Regarding the construction of statutes using the words "and" or "or," this Court has observed:

> The popular use of "or" and "and" is so loose and so frequently inaccurate that it has infected statutory enactments. While they are not treated as interchangeable, and should be followed when their accurate reading does not render the sense dubious, their strict meaning is more readily departed from than that of other words, and one read in place of the other in deference to the meaning of the context, *Heckathorn v Heckathorn,* 284 Mich 677, 681-682; 280 NW 79 (1938); *Reynolds v Great American Ins Co of New York,* 328 Mich 391, 397; 43 NW2d 901 (1950); *L A Darling Co v Water Resources Comm,* 341 Mich 654, 661-662; 67 NW2d 890 (1955); *Romeo Homes, Inc v Comm'r of Revenue,* 361 Mich 128, 137-138; 105 NW2d 186 (1960); [*In the Matter of*] *Kreft,* [148 Mich App 682, 688; 384 NW2d 843 (1986)]. [*Nolan v Dep't of Licensing & Regulation,* 151 Mich App 641, 649; 391 NW2d 424 (1986).]

We also note that, in general, statutory exemptions from taxation are strictly construed against the taxpayer, *Town & Country Dodge, Inc, supra,* pp 242-243, and that courts give deference to an administrative agency's interpretation of a statute it is entrusted to enforce. *Detroit Automobile Inter-Ins Exchange v Comm'r of Ins,* 119 Mich App 113, 120; 326 NW2d 444 (1982), lv den 417 Mich 1077 (1983). In the instant case, the decision of the STC states the position that, in order to maintain entitlement to an industrial facilities exemption certificate, "the holder of the certificate must not only proceed in good faith with a construction of the facility for which a certificate is issued, but must also continue to operate the facility in a

manner consistent with the purposes of the act." In its brief, the STC asserts that to hold otherwise would be inconsistent with the purpose of the plant rehabilitation and industrial development districts act, 1974 PA 198; MCL 207.551 *et seq.*; MSA 7.800(1) *et seq.*, because it would allow a company to retain a tax exemption after merely constructing a facility and then ceasing operations.

The parties agree that the plant rehabilitation and industrial development districts act was enacted to encourage the growth of business in Michigan. See also *Murco, Inc v Dep't of Treasury,* 144 Mich App 777, 780; 376 NW2d 188 (1985), lv den 424 Mich 872 (1986). The act seems to recognize the possible benefits provided to local communities and to the state when an industry is attracted to an area, expands its facilities, or rehabilitates its obsolete facilities. The act provides a tax advantage in order to encourage such activity. However, the possible benefits reaped from this type of industrial growth are lost when a company moves its operations out of the area, leaving its facilities behind. Thus, to read the statutory provision in this case to mean that a company may remove its operations and yet retain its tax advantage enjoyed under an industrial facilities exemption certificate so long as the company merely completed the construction of its facilities reaches an absurd result.[3] Accordingly, we conclude that the statutory phrase, "has not proceeded in good faith with the replacement, restoration, or construction and operation of the facility," was meant by the Legislature to require a company to continue its operations after constructing its facility in order to

[3] We note that the act provides for the possibility of transferring an industrial facilities exemption certificate to a new owner or lessee of the covered facility, should a sale or lease be contemplated by the certificate holder. MCL 207.571; MSA 7.800(21).

retain the tax advantages which were extended—by way of an industrial facilities exemption certificate—in an effort to encourage the growth of business in the affected community and in the state. In other words, whenever a company fails to do either, its certificate may be revoked. Stated differently, by failing to do either, it necessarily fails to do both.

Finally, Bar Processing argues that the STC's December 19, 1985, order revoking its industrial facilities exemption certificate became void because the STC failed to send a copy of the order to Bar Processing via certified mail, as specified in MCL 207.565(4); MSA 7.800(15)(4). That statute provides:

> The order of the commission revoking the certificate shall be effective on the December 31 next following the date of the order and the commission shall send by certified mail copies of its order of revocation to the holder of the certificate, to the local legislative body, to the assessor of the assessing unit in which the facility is located, and to the legislative body of each taxing unit which levies taxes upon property in the local governmental unit in which the facility is located.

The record reveals that timely notice of the STC's order was returned to the STC because it was sent to Bar Processing at a noncurrent address.

In petitioner's one-page brief on this issue, no precedent is cited for the proposition that the effectiveness of an order by the STC is conditioned on the taxpayer's actual receipt thereof. MCL 207.570; MSA 7.800(20) states that judicial review of a decision revoking an industrial facilities exemption certificate shall be in the same manner and form as provided in the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560 (101) *et*

*seq.* The scope of review set forth in the APA provides, in pertinent part:

> (1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency *if substantial rights of the petitioner have been prejudiced* because the decision or order is any of the following:
> (a) In violation of the constitution or a statute.
> (b) In excess of the statutory authority or jurisdiction of the agency.
> (c) Made upon unlawful procedure resulting in material prejudice to a party.
> (d) Not supported by competent, material and substantial evidence on the whole record.
> (e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.
> (f) Affected by other substantial and material error of law. [Emphasis added. MCL 24.306(1); MSA 3.560(206)(1).]

Thus, before any factor listed in the statute may be a cause for reversal, the party challenging the decision must show that its "substantial rights . . . have been prejudiced." Bar Processing asserts that, if the STC's decision is upheld, it will be "injured" because its tax liability will be increased.

The failure of the STC to successfully send a copy of its order of revocation to Bar Processing as specified in MCL 207.565(4); MSA 7.800(15)(4), however, did not cause the increased tax liability in this case. Bar Processing admits it received actual notice of the STC's December 19, 1985, order—albeit not in the exact manner specified by statute—on March 25, 1986. Bar Processing does not claim that the delay in receiving notice caused it any more prejudice than would have occurred had notice been received in a timely fashion. Instead, it merely emphasizes that notice was not effected by

certified mail, as specified by statute. We do not discern in this case any prejudice to Bar Processing resulting from the STC's failure to successfully mail its order to petitioner in light of the actual notice subsequently received. Had the untimeliness of Bar Processing's appeal of the STC's order to the circuit court formed the basis of a dismissal of the case, prejudice to Bar Processing would have been obvious. However, since the timeliness of Bar Processing's appeal in circuit court went unchallenged, and since Bar Processing has enjoyed a review of its case on the merits, we find that Bar Processing suffered no prejudice as a result of the STC's failure to effect notice of the December 19, 1985, revocation order as contemplated in the applicable statute. Accordingly, we perceive no basis upon which a reversal or modification of the STC's order would be warranted based on this issue.

Affirmed.