CREATIVE INDUSTRIES GROUP, INC v DEPARTMENT OF
TREASURY

Docket No. 113913. Submitted July 10, 1990, at Lansing. Decided
December 11, 1990; approved for publication January 29, 1991,
at 9:35 A.M. Leave to appeal sought.

Creative Industries Group, Inc., sought review in the Oakland
Circuit Court of a denial by the State Tax Commission of its
application for an Industrial Facilities Tax Exemption Certifi-
cate with respect to a building in an industrial development
district established by the City of Auburn Hills under the plant
rehabilitation and industrial development districts act on the
ground that the application was not filed within six months of
the commencement of construction as required under the act.
The court, Robert C. Anderson, J., affirmed. Creative appealed.

The Court of Appeals *held:*

In order to qualify for an Industrial Facilities Tax Exemption
Certificate under the plant rehabilitation and industrial devel-
opment districts act, MCL 207.551 *et seq.;* MSA 7.800(1) *et seq.,*
Creative was required to file its application for the certificate
with the local government unit within six months from the
commencement of construction on the property at issue. Be-
cause Creative failed to file its application within that time
frame, the local government unit properly denied its applica-
tion, the tax commission properly upheld that denial, and the
circuit court properly affirmed the decision of the tax commis-
sion.

1. The circuit court applied the proper limitation period. The
period contained in an amendment of the relevant statute was
not applicable to this action.

2. The Administrative Procedures Act provides the manner
and form for judicial review of this matter. None of the
conditions for reversal set forth in the act are present in this
case, and equitable relief is not appropriate.

3. Erroneous representations by the city cannot be imputed

REFERENCES

Am Jur 2d, State and Local Taxation §§ 350, 372, 789.

See the Index to Annotations under Manufacturers and Manufac-
turing; Rehabilitation; Taxes.

to the tax commission in support of the issuance of the exemption certificate to Creative. Creative did not rely upon anything said or done, actions or inactions, by the tax commission.
Affirmed.

1. TAXATION — TAX EXEMPTION CERTIFICATES — PLANT REHABILITATION AND INDUSTRIAL DEVELOPMENT DISTRICTS ACT.

An Industrial Facilities Tax Exemption Certificate may not be granted under the plant rehabilitation and industrial development districts act where all of the requirements for the certificate, including the filing of an application for the exemption within six months from the commencement of construction, have not been met (MCL 207.559[2][c]; MSA 7.800[9][2][c]).

2. TAXATION — STATE TAX COMMISSION — PLANT REHABILITATION AND INDUSTRIAL DEVELOPMENT DISTRICTS ACT — APPEAL.

Judicial review of the State Tax Commission's refusal to issue an Industrial Facilities Tax Exemption Certificate under the plant rehabilitation and industrial development districts act is conducted in the same manner and form as provided for in the Administrative Procedures Act (MCL 207.570; MSA 7.800[20]).

*Schlussel, Lifton, Simon, Rands, Galvin & Jackier* (by *William B. Beach* and *Ronald H. Riback*), for the peitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Richard R. Roesch* and *Ross H. Bishop,* Assistant Attorneys General, for the respondents.

Before: BRENNAN, P.J., and MACKENZIE and WEAVER, JJ.

PER CURIAM. Creative Industries Group, Inc., appeals as of right from a circuit court order affirming a State Tax Commission decision denying it an Industrial Facilities Tax Exemption Certificate.

The City of Auburn Hills established an industrial development district pursuant to the plant rehabilitation and industrial development districts act, MCL 207.551 *et seq.*; MSA 7.800(1) *et seq.* The

act provides for tax exemptions for businesses if they meet certain requirements.

On April 2, 1986, construction of a building for Creative was begun. On August 5, 1986, a Creative executive met with the city manager to discuss the issuance of a certificate. At that time, the city manager said Creative would have to obtain the City of Detroit's approval for the transfer of jobs, as well as the approval of the Auburn Hills City Council. The city manager also told Creative that the application for an exemption must be filed within six months of the commencement of construction. He stated that missing the deadline would cause Creative to lose only one year of eligibility for the exemption.

Creative subsequently discovered that missing the six-month filing requirement would exclude them entirely from the exemption. Creative then filed a formal, written application for the exemption with the city on December 9, 1986.

The tax commission denied Creative's application for the tax exemption certificate on the ground that the application was filed later then six months after construction on the property had commenced. Creative filed a petition for review of this decision in the circuit court, which entered an order affirming the commission's decision. Creative now appeals as of right from this circuit court order. We affirm.

I

Creative first contends that the circuit court decision should be reversed because the State Tax Commission failed to set forth findings of fact and conclusions of law. MCL 24.285; MSA 3.560(185).

Creative failed to raise this issue at either the administrative or circuit court level, and therefore

Creative cannot urge review of the issue on appeal. *Allied Bldg Credits, Inc v Mathewson,* 335 Mich 270; 55 NW2d 826 (1952).

II

Creative next argues that the decision of the State Tax Commission contained a substantial and material error of law. Specifically, creative argues that the circuit court mistakenly believed that it did not have the power to grant the relief requested.

The act under which the exemption requested by Creative would be granted provides that unless all the requirements, including the six-month deadline, are met an exemption certificate *shall* not be granted. MCL 207.559(2)(c); MSA 7.800(9)(2)(c).

Creative points out in its supplemental brief that the statute subsequently has been amended to provide relief in cases such as this; however, that amendment is not applicable to the case before us. The circuit court did not err in applying the relevant law in this case.

III

Creative next argues that the court applied an erroneous standard of review. It contends that the court had the equitable power to grant it the relief requested and was not limited in its review by the Administrative Procedures Act. We disagree.

An appeal from a refusal to issue an exemption certificate is to be in the manner and form provided by 1969 PA 306, the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.,* as amended. MCL 207.570; MSA 7.800(20). Thus, judicial review must be in the same manner and form as provided for in the Administrative

Procedures Act. *Bar Processing Corp v State Tax Comm,* 171 Mich App 472; 430 NW2d 753 (1988).

The APA sets forth the scope of review, providing that an agency's order is to be set aside only if substantial rights of the petitioner have been prejudiced because of certain conditions.[1] None of the conditions are present here.

Tax exemption statutes are strictly construed against the taxpayer and in favor of the taxing agency. *Bar Processing Corp, supra.* Equitable relief is not appropriate.

IV

Creative also argues that it is entitled to the issuance of a certificate on grounds of constructive filing, estoppel, substantial compliance, or mutual mistake.

It is Creative's position that because of the erroneous representations made by the city official, it is entitled to the exemption certificate. Creative never asserts that it relied upon anything said or done, actions or inactions, by the tax commission. Representations by the city cannot be imputed to

---

[1] MCL 24.306(1)(a)-(f); MSA 3.560(206)(1)(a)-(f) provides:

(1) Except when a statute or the constitution provides for a different scope of review, the court shall hold unlawful and set aside a decision or order of an agency if substantial rights of the petitioner have been prejudiced because the decision or order is any of the following:

(a) In violation of the constitution or a statute.

(b) In excess of the statutory authority or jurisdiction of the agency.

(c) Made upon unlawful procedure resulting in material prejudice to a party.

(d) Not supported by competent, material and substantial evidence on the whole record.

(e) Arbitrary, capricious or clearly an abuse or unwarranted exercise of discretion.

(f) Affected by other substantial and material error of law.

the tax commission in support of the issuance of an exemption certificate in Creative's favor.

V

Finally, Creative argues that denying it the relief requested would frustrate the intent of the Legislature in adopting the plant rehabilitation and industrial development districts act.

Before 1982, a party was allowed twenty-four months between the commencement of construction and the filing of an application for an exemption certificate. This time period was then shortened to six months. Clearly, granting the relief requested would frustrate the Legislature's intent in amending the act to shorten the time interval.

We find that the court did not err in upholding the tax commission's order, and affirm.