BRYAN, Judge.
On June 23, 2008, Brookwood Health Services, Inc., d/b/a Brookwood Medical Center (“Brookwood”), applied to the State Health Planning and Development Agency (“SHPDA”) for a certificate of need (“CON”) to build a freestanding emergency department (“FED”). A FED is a fully functioning emergency department separately located from its hospital. Currently, there are no FEDs in Alabama. Brookwood owns and operates a hospital located in the City of Homewood, in Jefferson County. Brookwood’s proposed FED would be located near Highway 280 in Shelby County, approximately eight miles from Brookwood’s hospital.
Two hospitals located in Birmingham, Affinity Hospital, LLC, d/b/a Trinity Medical Center of Birmingham (“Trinity”), and St. Vincent’s Health Systems, Inc. (“St. Vincent’s”), intervened in opposition to Brookwood’s CON application. Trinity and St. Vincent’s requested a contested-case hearing, and SHPDA appointed an administrative law judge (“the ALJ”) to conduct the contested-case hearing. Trinity moved the ALJ to dismiss Brookwood’s application on the ground that Brookwood had failed to comply with Rule 410-1-7-.06(l)(a), Ala. Admin. Code (SHPDA) (“the publication rule”). At the time, the publication rule provided, in pertinent part:
“Within thirty (30) calendar days of the filing [of the CON application], the applicant shall also provide proof of publication of notice of the application for two consecutive weeks in a newspaper of general circulation in the area(s) affected, in such size and using such forms as provided by [SHPDA].”[1]
The ALJ denied Trinity’s motion to dismiss Brookwood’s CON application. The *1223 ALJ subsequently held a contested-case hearing regarding the application. Following the hearing, the ALJ issued a recommended order concluding that Brook-wood should be granted the CON. SHPDA’s Certificate of Need Review Board (“the CONRB”) adopted the ALJ’s recommended order and issued the CON to Brookwood.
Trinity appealed to the Montgomery Circuit Court, pursuant to § 41-22-20, Aa.Code 1975, a part of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Aa.Code 1975. St. Vincent’s did not appeal. On appeal, Trinity made various arguments challenging the merits of the decision to grant the CON to Brookwood. Trinity also argued that Brookwood’s CON application should have been dismissed for failure to comply with the publication rule. On June 3, 2011, the circuit court entered a judgment reversing the CONRB’s decision to grant Brookwood the CON on the ground that Brookwood had failed to comply with the publication rule. In its judgment, the circuit court concluded that the CONRB’s decision was “fatally flawed” by Brookwood’s noncompliance with the publication rule. Curiously, the circuit court’s judgment also purported to “affirm” the decision “with respect to the merits of the [FED] project and the need for the [FED] project.” However, the judgment in fact reversed the CONRB’s decision to issue the CON. Brookwood appealed to this court, pursuant to § 41-22-20. Trinity filed a cross-appeal, challenging the circuit court’s judgment insofar as it purported to affirm the CONRB’s decision “with respect to the merits.” This court heard oral arguments on July 10, 2012.
Discussion of the CON-applieation process provides some context for the publication rule at issue in this case. When SHPDA deems a CON application to be complete, SHPDA notifies all “affected persons” of the application. “Affected persons” include health-care providers that provide similar services in the area where the project is proposed to be located, persons with an active letter of intent on file to provide similar services in the same area, and certain state agencies. Rule 410-1-2-.18, Aa. Admin. Code (SHPDA). SHPDA provides affected persons various information about the proposed project, including the schedule for reviewing the CON application. As an affected person in this case, Trinity received notice of Brook-wood’s completed CON application.
Upon determining that a CON application is complete, SHPDA issues a press release about the proposed project, providing certain deadlines associated with the proposed project’s 90-day “review cycle.” A proposed project’s review cycle begins when SHPDA determines that the application is complete, not necessarily when the application is submitted. Rule 410-1-7-.09, Aa. Admin. Code (SHPDA). The 45th day of the review cycle is the deadline for persons other than the applicant to submit letters supporting or opposing the proposed project and to indicate an intention to speak at the hearing on the CON application. Rule 410-1-7-.13, Aa. Admin. Code (SHPDA). Subsequent deadlines include the deadline for SHPDA’s report on the application and the applicant’s response to that report. At the end of the 90-day cycle, the application is ready to be considered by the CONRB or the ALJ appointed to consider the case.
In this case, the publication rule required applicants, within 30 calendar days of filing the CON application, to “provide proof of publication of notice of the application for two consecutive weeks in a newspaper of general circulation in the area(s) affected, in such size and using such forms as provided by [SHPDA].” The form provided by SHPDA contains *1224 little information: the name of the applicant; a short description of the proposed project, including the affected service area; and SHPDA contact information for anyone seeking further information regarding the application. Thus, the form approved by SHPDA provides general information and does not discuss the review cycle or deadlines to intervene.
On April 29, 2008, an article regarding Brookwood’s intention to apply for the FED CON appeared in The Birmingham News. On June 28, 2008, Brookwood filed its CON application for the FED. The following day, an article appeared in The Birmingham News regarding Brookwood’s application and the proposed FED. In two other articles that summer, on July 22, 2008, and August 13, 2008, The Birmingham News briefly mentioned Brookwood’s CON application. On July 14, 2008, SHPDA deemed Brookwood’s application to be complete, thus beginning the 90-day review cycle. At that point, SHPDA notified Trinity and other affected parties of the completed application, and SHPDA issued a press release regarding the application to two newspapers, two television stations, and one radio station.
Contrary to the requirements of the publication rule, Brookwood did not publish notice of its CON application within 80 days of filing its application on June 23, 2008. On August 18, 2008, SHPDA notified Brookwood by letter that it had failed to comply with the publication rule, and SHPDA asked Brookwood to publish notification of the application immediately. In response, Brookwood published notification of the application in The Birmingham News on August 22, 2008, and on August 29, 2008. The notification was consistent with the form provided by SHPDA. Brookwood’s first and second notifications were published approximately 30 days and 37 days after the expiration of the 30-day period for publication prescribed by the publication rule. Brookwood’s first and second notifications were published on approximately the 39th day and the 46th day of the review cycle. Thus, one notification was published before, and one notification was published after, the deadline on the 45th day of the review cycle for persons to submit letters for or against the application and to indicate an intention to speak at the CON-application hearing.

Discussion

As noted, Trinity has filed a cross-appeal, challenging the circuit court’s judgment insofar as it purported to affirm the CONRB’s decision “with respect to the merits.” Initially, we consider whether we should consider Trinity’s cross-appeal. The ultimate issue before the circuit court was whether the CONRB properly granted the CON to Brookwood. The circuit court reversed the decision to grant the CON based on Brookwood’s noncompliance with the publication rule, which the circuit court described as a “fatal[ ] flaw[].” Although the circuit court also purported to “affirm” the decision to grant the CON “with respect to the merits of the [FED] project and the need for the [FED] project,” it did not in fact do that; such a determination by the circuit court is inconsistent with its reversal of the decision to grant the CON. Thus, that part of the judgment purporting to affirm the decision with respect to the merits is dicta. Trinity received all the relief it sought from the circuit court — a reversal of the decision to grant the CON — -albeit for only one of the reasons it presented. Thus, Trinity completely prevailed in the circuit court, regardless of that court’s dicta rejecting Trinity’s argument regarding the merits. Because a party may appeal only from an adverse ruling, CSX Transp., Inc. v. Day, 613 So.2d 883, 884 (Ala.1993), we decline to *1225 entertain Trinity’s cross-appeal, and we dismiss the cross-appeal.
We next consider Brookwood’s appeal. The circuit court reversed the CONRB’s decision to issue the CON to Brookwood based upon Brookwood’s failure to comply with the publication rule. Indeed, Brookwood failed to comply with the publication rule. That rule required Brookwood to publish notification of its CON application in a newspaper of general circulation twice within 30 days of filing the application. Because Brookwood published its notifications roughly 60 and 67 days after the filing of the application, Brookwood did not comply with the publication rule. The issue before us is the effect of that noncompliance in this case. We must determine whether the circuit court erred in concluding that Brook-wood’s noncompliance with the publication rule was a fatal flaw to its application.[2] This court reviews a circuit court’s judgment as to an agency’s decision without a presumption of correctness because the circuit court is in no better position to review the agency’s decision than is this court. Clark v. Fancher, 662 So.2d 258, 261 (Ala.Civ.App.1994).
Brookwood first argues that the circuit court’s judgment violates § 41-22-20(k), Ala.Code 1975, which governs the circuit court’s review of the CONRB’s decision in this case. In pertinent part, that statute provides:
“(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute.... The court may reverse or modify the decision or grant other appropriate relief from the agency action ... if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
[[Image here]]

“(3) In violation of any pertinent agency rule.”

(Emphasis added.) See Ex parte Nixon, 729 So.2d 277, 280 (Ala.1998) (quoting § 41-22-20(k) and stating that a circuit court may reverse an agency’s decision under that statute only “‘if substantial rights of the petitioner have been prejudiced’ ” (emphasis omitted)). Focusing on the language of § 41-22-20(k), Brookwood argues that the publication rule did not create a “substantial right” in favor of Trinity, that the rule was not a “pertinent” agency rule in this case, and that any noncompliance with the rule did not “prejudice” Trinity. Thus, Brookwood argues that the circuit court could not have properly reversed the CONRB’s decision under § 41-22-20(k) on the basis of Brookwood’s noncompliance with the publication rule.
*1226 In determining whether the “substantial rights of the petitioner have been prejudiced” under § 41-22-20(k), this court has equated such a determination with the harmless-error rule. In Alabama State Personnel Board v. Hardy, 27 So.3d 540, 551-52 (Ala.Civ.App.2008), this court stated:
“Although the appellate courts of this state have not closely examined in the abstract the requirement of a finding of prejudice to the substantial rights of the complaining party before reversal is justified because of agency error, courts in other jurisdictions have found that such a provision within their administrative-procedure statutory framework is tantamount to a ‘harmless-error’ rule. See, e.g., City of Des Moines v. Public Employment Relations Bd., 275 N.W.2d 753, 759 (Iowa 1979) (examining a statute similar to § 41-22-20(k) and holding that the requirement that a party demonstrate that its substantial rights have been prejudiced by an agency error is ‘analogous to a harmless error rule’ and constitutes ‘a direction to the court that an agency’s action should not be tampered with unless the complaining party has in fact been harmed’). Cf. Bar Processing Corp. v. State Tax Comm’n, 171 Mich.App. 472, 481-82, 430 N.W.2d 753, 756-57 (1988) (applying administrative-procedure statute similar to § 41-22-20(k) and holding that a procedural violation that was not the cause of the agency action complained of did not prejudice the substantial rights of the party). This understanding of the prejudice requirement in § 41-22-20(k) comports with our ‘harmless-error’ rule, Rule 45, Ala R.App. P., employing as it does the similar concept that a lower court’s judgment cannot be reversed unless it is shown that the error complained of ‘injuriously affected substantial rights of the parties.’ ”
Assuming, without deciding, that the publication rule is a “pertinent” rule that involves a “substantial right” of Trinity, Brookwood’s noncompliance with the publication rule did not prejudice Trinity. First, we note that the publication rule promotes awareness of CON applications among the general public. The publication rule required Brookwood only to give notice of the CON application, in a newspaper of general circulation, twice within 30 days of filing the application. Such notice is not directed toward Trinity, which, as a hospital in the area of the proposed FED, received more extensive notice concerning Brookwood’s completed application, including the review schedule, under Rule 410-1-7-.08, Ala. Admin. Code (SHPDA). Trinity, as an entity with “an individual interest in the outcome of the case as distinguished from a public interest,” § 41-22-14, Ala.Code 1975, intervened in the proceeding regarding Brookwood’s application. Trinity vigorously challenged Brookwood’s CON application, and there is no indication that Trinity’s involvement in the case would have been any different had Brookwood complied with the publication rule.
Trinity argues that Brookwood’s noncompliance with the publication rule may have reduced participation by members of the general public in the decision whether to grant Brookwood the CON. With respect to participation from members of the general public, only reducing opposition to the application could have possibly prejudiced Trinity, which opposed the application. Given the facts of this case, the possibility of reduced opposition from members of the general public is too speculative to have prejudiced Trinity.
As noted, Brookwood published notices of its application roughly 60 and 67 days after the filing of the application, well after *1227 the expiration of the 30-day period for publication. The first notice came six days before, and the second notice one day after, the close of the period in which members of the public could submit letters for or against the application and to indicate their intention to speak at the hearing on the CON application. Significantly, the publication rule required publishing only the most general information alerting the public of the filing of the application; the required notice did not include information about the review cycle and deadlines for public participation in considering the application. Thus, members of the public who read the late notice, unaware of any deadlines for public participation, may have attempted to voice tardy opposition to the application. However, there is no evidence indicating that SHPDA received any letters of opposition from members of the general public following the publications.
The record indicates that SHPDA received only one letter in opposition to Brookwood’s application. On June 30, 2010, well after the deadline for submitting letters in support of or against the application, the Alabama Medicaid Agency (“Medicaid”) submitted a letter in opposition. SHPDA stamped the letter as being “Received Past Deadline[;] Not for Review.” As an “affected person” under Rule 410-1-2-.18, Medicaid received direct notice of the CON application from SHPDA under Rule 410-1-7-.08; thus, Medicaid did not need the newspaper notice. Because SHPDA received, but did not review, Medicaid’s untimely letter, presumably SHPDA would have received, but not reviewed, untimely letters against the application submitted by members of the general public. However, the record does not indicate that SHPDA ever received any untimely letters in opposition to the application from members of the general public. In sum, there is no indication that Brook-wood’s noncompliance with the publication rule had the effect of silencing opposition to the application from members of the general public.
We note also that there was far more support for the proposed FED than there was opposition. Forty-nine letters were submitted to SHPDA in favor of the proposed FED, and only one letter, the Medicaid letter, was submitted in opposition. Those people submitting letters in support of the application included physicians, community leaders, and local residents. At the contested-case hearing, several people testified in favor of the proposed FED, including physicians, community leaders, and local residents. Conversely, the only testimony against the proposed project came from a Medicaid representative and two Trinity employees. Considering the overwhelming support for the proposed FED, it seems unlikely that Brookwood’s tardy newspaper notice ultimately prejudiced Trinity.
Moreover, the publication rule was not the only method by which the general public received notice of Brookwood’s CON application. On April 29, 2008, The Birmingham News published an article indicating that Brookwood intended to apply for the FED CON. On June 24, 2008, one day after Brookwood filed its CON application, an article appeared in The Birmingham News regarding Brookwood’s application and the proposed FED. On July 14, 2008, upon SHPDA’s deeming Brook-wood’s application to be complete, SHPDA issued a press release about the proposed FED. That press release provided the deadline for submitting letters in support of or against the proposed FED and the deadline for indicating an intention to appear at the hearing on the application. SHPDA sent the press release to two newspapers, two television stations, and one radio station. In two additional arti- *1228 cíes, on July 22, 2008, and August 18, 2008, The Birmingham News briefly mentioned Brookwood’s CON application. The additional notice that the public received concerning the proposed FED further suggests that Trinity was not prejudiced by Brookwood’s noncompliance with the publication rule.
Given the facts of this case, we conclude that Trinity was not prejudiced by Brook-wood’s noncompliance with the publication rule. That is, Brookwood’s failure to comply with the rule was harmless error. Hardy, supra. Thus, under § 41-22-20(k), Brookwood’s noncompliance with the publication rule in this case is not a ground for reversing the decision to issue the CON to Brookwood. Brookwood’s noncompliance does not bar the issuance of the CON. Accordingly, we reverse the circuit court’s judgment reversing the CONRB’s decision to issue Brookwood the CON. We remand the case to the circuit court for further consideration of Trinity’s appeal from the decision to issue the CON to Brookwood. On remand, the circuit court should enter a judgment regarding the merits of the decision to issue Brook-wood the CON. We pretermit discussion of the other arguments made by Brookwood. As discussed earlier, we dismiss the cross-appeal.
APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS-APPEAL — DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
THOMAS, J., concurs in the result, without writing.

. This rule was amended effective September 23, 2011, to remove the publication requirement except for CON applications for drug-abuse centers and psychiatric beds. The above-quoted version of the publication rule is the version applicable in this case.

. We note that the publication rule did not indicate that a CON application must be dismissed for failing to comply with the rule. However, some other SHPDA rules expressly require dismissal for noncompliance. See Rule 410-1-7-07(2), Ala. Admin. Code (SHPDA) ("Failure of the applicant to provide such additional information [required to make an incomplete application complete] within the required thirty (30) days [of notification by SHPDA], will result in the application being deemed insufficient for [CON] review and [the application] will be dismissed from the review process.”); and the current, amended version of the publication rule, Rule 410-l-7-.06(a)(l) (expressly requiring the dismissal of a CON application for a drug-treatment center or for psychiatric beds upon failure to provide newspaper notice).